(No. 12900.—Judgment affirmed.)

VICTOR A. G. MURRELL, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GORDON A. RAMSAY, Admr. Plaintiff in Error.)

*Opinion filed February 18, 1920.*

1. CONSTRUCTION—*words of statute will be construed in ordinarily accepted meaning.* The words of a statute will be construed in their ordinary sense, and when they have a well settled meaning through judicial interpretation they must be given that construction unless a different meaning is unmistakably indicated.

2. SAME—*word "child" in a statute, deed or will means legitimate child unless a contrary intention is manifested.* The word "child" or "children," when used in a statute, will or deed, means legitimate child or children, and will not be extended, by implication, to embrace illegitimate children unless such construction is necessary to carry into effect the manifest purpose of the legislature or of the testator or grantor.

3. WORKMEN'S COMPENSATION—*Compensation act of 1915 does not protect illegitimate children of deceased employee.* The provi-

sion of section 7 of the Compensation act of 1915 providing for compensation in case of the death of an employee leaving a child or children means legitimate children, and there is nothing in the act which indicates the legislature used the word in any other sense.

4. SAME—*right to compensation under section 7 of act of 1915 depends upon terms of the statute.* As the right to compensation is statutory and depends upon conformity with the terms fixed by the legislature, compensation under section 7 of the act of 1915 in case of the death of an employee does not rest upon dependency or support as a member of the family but upon the existence of the relation specified in the statute and the legal obligation to support or of actual contribution.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

WILEY W. MILLS, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

John Hering was accidentally killed on November 24, 1915. An arbitration committee made an award under the Workmen's Compensation act against Victor A. G. Murrell in favor of Alice Hering as his widow and five children under eighteen years of age as his children. On review by the Industrial Commission it appeared that the supposed widow was never married to the deceased and that the four older children were not his. The youngest, called John Hering, Jr., was the illegitimate son of the deceased and Alice Hering. The Industrial Commission made an award in favor of the deceased's administrator, who had been substituted as petitioner. The circuit court of Cook county set aside the award, and the administrator has sued out a writ of error to reverse the judgment.

Other questions are presented, but our decision is based upon the proposition that illegitimate children of a man are not included within the protection of the Workmen's Com-

pensation act. The act as amended in 1915 provided (section 7) for the payment of compensation for an injury resulting in death, "(*a*) if the employee leaves any widow, child or children whom he was under legal obligation to support. * * * (*b*) If no amount is payable under paragraph (*a*) of this section and the employee leaves any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years," etc. The words of a statute will be construed in their ordinary sense and with the meaning commonly attributed to them under such construction unless such construction will defeat the manifest intention of the legislature. When the words have a well settled meaning through judicial interpretation, they must be understood, when used in a statute, to have that meaning unless a different meaning is unmistakably indicated. It is a rule of construction that *prima facie* the word "child" or "children," when used in a statute, will or deed, means legitimate child or children, and will not be extended, by implication, to embrace illegitimate children unless such construction is necessary to carry into effect the manifest purpose of the legislature, the testator or the grantor. *Blacklaws* v. *Milne,* 82 Ill. 505; *Orthwein* v. *Thomas,* 127 id. 554; *McDonald* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 144 Ind. 459; *Marshall* v. *Wabash Railroad Co.* 120 Mo. 275; *Johnstone* v. *Taliaferro,* 107 Ga. 6; *Kent* v. *Barker,* 2 Gray, 535.

At common law a child born out of wedlock was nobody's child. He was without parents or kindred, without name, without heritable blood and without many rights. He could have no heirs except his own lineal descendants. He could not inherit even from his mother or she from him. His settlement did not follow his mother but was wherever he was born. His parents were under no legal obligation for his support. This is his condition in Illinois to-day except as it has been changed by statute. He may now

inherit from his mother or any maternal ancestor, and his lawful children may represent him and take by descent any estate which he could have taken if living. His father may be compelled to assist his mother to a very limited extent in his support. The Workmen's Compensation act mentions only children, by which is ordinarily meant legitimate children, and there is no word in the act which indicates that the legislature used the word in any other than its ordinary sense. Indeed, in paragraph (*b*) the words "or other lineal heir," used in connection with the words "any widow, child, parent, grandparent," seem to imply that the child, parent, grandparent mentioned must be a lineal heir,—that is, that the relation must be legitimate.

Some cases in other jurisdictions have been referred to in which illegitimate children have been held entitled to the benefit of workmen's compensation acts, but the decisions have been made upon a construction of the particular statute involved and have usually been based upon a question of dependency or of support as a member of the family. The right to compensation under the statute of 1915 does not rest upon dependency or support as a member of the family, but upon the existence of the relation specified in the statute and the legal obligation to support or actual contribution. The right is statutory and depends upon conformity with the terms fixed by the legislature. The policy of the State toward children born outside of the marriage relation has been very considerably modified from that of the common law by statute. The extent to which such modification should go is a question for the determination of the legislative department of the State and not of the courts.

The judgment is affirmed.        *Judgment affirmed.*