## UNITED STATES v. 385 ACRES OF LAND IN MILWAUKEE COUNTY, WIS., et al.

## STATE OF WISCONSIN et al. v. STIMSON, Secretary of War, et al.

### Civil Actions Nos. 2229, 2326.

District Court, E. D. Wisconsin.

May 26, 1945.

Timothy T. Cronin, U. S. Atty., of Milwaukee, Wis., Robert MacLeod and Victor McCrea, of Lands Division of the Department of Justice, both of Washington, D. C., and John T. Harrington, Sp. Atty. for Department of Justice, of Madison, Wis., for the United States, the Secretary of War, et al.

William J. McCauley, Dist. Atty. for Milwaukee County, and Joseph Tierney, Deputy Dist. Atty. for Milwaukee County, both of Milwaukee, Wis., for County of Milwaukee and State of Wisconsin.

DUFFY, District Judge.

### Statement of Facts.

On May 5, 1945, a proceeding was instituted in this court to condemn certain property in Milwaukee County, Wisconsin, generally known as the Milwaukee House of Correction, for use by the United States of America for military purposes as a military disciplinary barracks.

The condemnation proceeding was instituted at the request of the Secretary of War pursuant to authority conferred by the Act of Congress approved August 18, 1890, 26 Stat. 316, as amended by the Acts of Congress approved July 2, 1917, 40 Stat. 241, April 11, 1918, 40 Stat. 518, 50 U.S.C.A. § 171, March 27, 1942, the Second War Powers Act 1942, § 201, 56 Stat. 177, 50 U.S.C.A.Appendix, § 632, as amended by the Act of Congress approved December 20, 1944, Public No. 509, 78th Congress, 58 Stat. 827, 50 U.S.C.A.Appendix, § 645. Funds for payment for the land condemned were appropriated by Act of Congress approved June 28, 1944, Public No. 374, 78th Congress, 58 Stat. 573.

On May 7, 1945, after notice to the County of Milwaukee, Wisconsin, and a hearing, an order was entered by the court providing that the United States of America should "acquire the right of exclusive possession of the condemned premises effective at twelve o'clock noon on the 28th day of May, 1945," and further providing that "the respondent County of Milwaukee, and its agents and servants shall surrender possession of said premises to the authorized agents of the Secretary of War on said hour and date."

On May 8, 1945, the County of Milwaukee, Wisconsin, filed a motion to vacate the order of possession entered on May 7, 1945, which motion was set for hearing today, contending that:

1. This proceeding contravenes and violates the Constitution of the United States

and of the State of Wisconsin, in that the taking of said House of Correction is unlawful and unwarranted interference by the military authority of the United States and with the civil governmental functions of the County of Milwaukee and State of Wisconsin.

2. The power and authority sought to be exercised in this proceeding by the Secretary of War is in excess of the power vested in the Secretary of War by the War Powers Act.

3. The object of this proceeding is an assumption of power and authority by the Secretary of War which was not contemplated or intended to be granted by Congress at the time of the passage of the War Powers Act.

4. The exercise of the power of condemnation of the House of Correction is unwarranted and unlawful interference with the civil governmental functions of the County of Milwaukee.

5. The determination by the Secretary of War that necessity exists for the condemnation of the House of Correction is an abuse of his discretionary powers and said determination is arbitrary, unwarranted and capricious.

The government in opposing this motion contends that under the above-mentioned acts authorizing condemnation, the government is entitled to take immediate possession of the property, that the determination by the Secretary of War of the need of the government for immediate possession is not subject to judicial inquiry or review, and that this court is without power and authority to prevent or interfere with the government from taking immediate possession of the property.

On May 19, 1945, the County of Milwaukee commenced the second action, Civil No. 2326, seeking to restrain the defendants named in the complaint from exercising any rights under the order of possession entered in the condemnation proceeding or from taking possession of the property sought to be condemned by the United States of America. Briefly stated, the gist of the action is "that the action of the Secretary of War under the circumstances existent in this particular case, and on the particular state of facts constitutes an unwarrantable interference with the property of Milwaukee County, and that in so doing he acted in excess of his authority under the law under which he purportedly claims

to act," and "that this action of the Secretary of War is an abuse of power, arbitrary, unwarranted and capricious," and "that the said Secretary of War if and when the order of May 7, 1945, is carried into effect, will thereby unlawfully interfere with the established and existing civil authority in Milwaukee County and the State of Wisconsin * * * and thus imperil the public safety * * * that irreparable damage will result to the State of Wisconsin and Milwaukee County."

The several defendants appeared specially to challenge the jurisdiction of the court and moved the court to dismiss this action, contending that:

1. This court is without jurisdiction because this suit is, in effect, an action against the United States without its consent;

2. The Secretary of War is an indispensable party and is not subject to the jurisdiction of this court and not subject to process of this court, he being an inhabitant of and his official headquarters being in the District of Columbia;

3. That the defendants other than the Secretary of War are subordinate officials in this matter and are not subject to restraint in the absence of the Secretary of War as a party defendant; and

4. That the plaintiffs have a full, adequate, and complete remedy at law in the above-mentioned condemnation proceeding.

The motion of the County of Milwaukee to vacate the order of possession entered in the condemnation proceeding and the motion of the defendants for dismissal of the complaint of injunctive relief were consolidated for purposes of argument.

#### Opinion of the Court.

I do not intend to file a formal opinion in the matter so I will dictate a few paragraphs which may stand in the nature of an opinion in the two matters before the court.

I think we have to first go back and consider some fundamentals that are involved in the right of the federal government to exercise the power of eminent domain.

 We are all citizens of the United States of America, and all of the property that any of us have is held subject to the paramount right of the government to be condemned in good faith for a public use. There is no doubt that a military purpose is a public use. The fact that it may prove a hardship upon the owner of the property

is no defense against the exercise of the power of eminent domain by the United States Government.

■ The fact that the property sought to be condemned is owned by a city or a county or a State is no barrier to its condemnation by the United States Government, and when the constitutional powers of the United States Government come in conflict with those of the State, the latter must yield.

We have here before us two actions. In Civil Action No. 2229 the United States is the petitioner in the condemnation proceedings. In the second action, No. 2326, the State of Wisconsin and the County of Milwaukee are plaintiffs, and Henry L. Stimson, the Secretary of War, Mr. Cronin, the United States Attorney, Mr. Harrington, Special United States Attorney, and Colonel Krigbaum are the named defendants.

In the first action, No. 2229, the United States seeks the condemnation of 385 acres of land upon which is constructed the Milwaukee County House of Correction. In that action, the condemnation action, after notice and hearing, an order was entered by this court on May 7, 1945, granting the United States the right of possession of the premises at twelve o'clock noon on May 28, 1945. The defendant Milwaukee County has moved to vacate that order and has assigned five grounds for its requested relief.

Then, in the second action, No. 2326, an injunction is sought to restrain the defendants from exercising any rights under that order of May 7, 1945, or from taking possession of the House of Correction property, or from interfering in any way therewith. The complaint in substance sets out the same five grounds that were relied upon in the motion to vacate the order of May 7.

Congress has enacted a law entitled "Real Property for War Purposes," Section 2 of which provides, in part, as far as applicable: "The Secretary of War * * * may cause proceedings to be instituted in any court * * * to acquire by condemnation, any real property, * * * that shall be deemed necessary, for military, naval, or other war purposes * * *. Upon or after the filing of the condemnation petition, immediate possession may be taken and the property may be occupied, used, and improved * * * notwithstanding any other law. * * *"

Last year the Circuit Court of Appeals for the Fifth Circuit rendered an opinion in Dade County, Fla., v. United States, reported in 142 F.2d 230, 231. This was a condemnation under the Second War Powers Act. The court there said: "* * * The court does not award the right of possession nor adjudge the title. The United States, acting through the Congress, and the agencies which Congress appoints, takes what is needed, recognizing the courts as the constitutional organ to fix the constitutional just compensation and ascertain its owners. Especially is this true under the Second War Powers Act. * * * The law gives the right of possession, apparently without the necessity of any court order, though it is orderly and decent to get one."

The Ninth Circuit Court of Appeals last year decided the case of United States v. Merchants Transfer & Storage Co., reported in 144 F.2d 324, 327, and said: "* * * The court had made no order prohibiting the United States from taking possession of the warehouse, nor did it possess power to make such an order. * * * It had merely declined, in the exercise of its discretion, to grant the government's request for an order of immediate possession. * * *" Judge Fee, who dissented in that case, made the following statement: "We are all agreed upon the propositions which follow: * * * second, the determination of the necessity of taking an interest in this particular property made by the Secretary of War under the judicial process proceeding as prescribed by Act of Congress, was a finality, and could not be properly questioned or opposed by the trial court; third, the order of the trial court insofar as it was based upon a denial of the right of the Secretary to determine whether it was necessary and advantageous to take this particular property * * * was erroneous and constituted an abuse of discretion and, if appealed from, must have been reversed; * * *."

I am now addressing my remarks to the condemnation case. In United States v. 243.22 Acres of Land, reported in 129 F.2d 678, 683, the Second Circuit Court of Appeals was considering the allegation that the Secretary of War had acted in bad faith and had abused his power by asserting that the taking of the land was necessary for the defense of the country. The court in that case said: "* * * The decision of

the Secretary of War is not open to judicial inquiry. That is fortunate, for if it were open, the ensuing delay would delight our country's enemies."

Then in addition to those three Circuit Courts of Appeals, there is the case of United States v. 72 Acres of Land, reported in D.C., 37 F.Supp. 297, and, quoting a headnote (which probably I should not do, but it is the shortest statement), headnote 5 states: "A military purpose is a 'public use' for which land may be condemned and in such case the declaration of the Secretary of War in the form prescribed by Congress must be respected and the courts will not go behind the declaration to inquire into his intention."

Judge Wham, in the case of United States v. Certain Interests in Land, decided this year and reported in D.C., 58 F.Supp. 739, 741, said: " * * * The Secretary of War has been given power to acquire by condemnation or otherwise real property * * * that shall be deemed necessary for military or other war purposes. * * * If there be any possible basis for deeming such acquisition to be necessary for such purposes no one can reasonably say that the courts should have power to question his action. The nation would be seriously hampered in its ability and capacity to conduct a successful war were it possible to subject such administrative determinations to judicial inquiry." And, "The extent of the interest which the government may acquire is measured only by what is deemed necessary by the Secretary of War. That is not a question for judicial determination. * * *"

■ Therefore, it is the opinion of this court today, as it was when the objections were filed, that this court does not have the power to make a judicial inquiry into the wisdom or the appropriateness of the determination of the Secretary of War in coming to the conclusion that the House of Correction was necessary for war or military purposes of the United States Government; and, therefore, the motion to vacate the order of May 7, 1945, will be denied.

I say again I do not believe that the court has the right to make such a judicial review. The scope for the exercise of judgment and discretion by the Congress to meet the exigencies of war is a very wide one; and the Congress has passed this law, which I have heretofore quoted, stating that the Secretary of War may acquire by condemnation any real property that shall be deemed necessary. It is not for the courts, as I see it, to substitute their judgment as to the necessity of taking when such action has been determined on by the authorities which Congress has designated or has given the power to take such action.

■ Now, as to Civil Action No. 2326, the government has entered a motion to dismiss. The question of jurisdiction can be met at any time during the course of the litigation. I myself think that probably the best way to have raised the question which is sought to be met in that suit was to have moved in the condemnation suit to dismiss that action; but the question of jurisdiction has been raised, and the court of course will consider it at any time during the litigation, either when it is brought to its attention or sua sponte.

They ask for an injunction to restrain the defendants from acting under the order of May 7, which would not be of any avail at all unless there would be an injunction issued, because, under the authorities I have heretofore cited, there is a very serious question whether the court need have issued the order of May 7 in any event. In other words, the authorities seem to indicate very strongly that the Secretary of War could proceed without such an order, although, as the Ninth Circuit Court of Appeals stated, it was the orderly and decent thing to do to get one.

■ But I do not think that this court has the right to issue the injunction prayed for. In the first place, I think the Secretary of War is an indispensable party to this action, and if any such suit could be brought at all, the only place would be in the District of Columbia. A quotation from a case decided by this court in 1941, Ernest v. Fleissner, 38 F.Supp. 326, 327, is applicable in my estimation, and I will read it: "Under the authorities it seems to be well settled that this court would have no power to compel the appearance of the Postmaster General or any other executive officer of the government unless there is some specific authority which would make such executive officer amenable to jurisdiction outside of the District of Columbia. * * *" I think this holds true as to the Secretary of War. This court knows of no specific authority, none has been pointed out, whereby such process could be served upon him from this court.

I also think the government's point is well taken when it urges that this action is in effect one against the United States without its consent, and that this court is without jurisdiction to consider same.

Therefore, the motion for a temporary injunction in Action No. 2326 will be denied, which is in effect also granting the motion of the government to dismiss for lack of jurisdiction. If we did go into the merits of it, the same things I have said as to the condemnation case would apply, that is, that I think this court is without power to act in the matter.