**Raymond S. BERVEN, Plaintiff,**

v.

**FLUOR CORPORATION, Ltd., Defendant.**

United States District Court
S. D. New York.
March 3, 1959.

Harry M. Lipsig, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., for the Southern District of New York, New York City, for defendant. Robert D. Klages, Atty., Dept. of Justice, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff sues to recover damages for personal injuries alleged to have been suffered on property of the government of Saudi Arabia in or near Dahran in that country, where he was employed by defendant in the construction of a United States Army airfield.

Defendant moves for summary judgment on the ground that plaintiff was engaged in "employment * * * under a contract entered into with the United States * * * outside the continental United States * * * for the purpose of engaging in public work" within the meaning of section 1(a)(4) of the Defense Base Act, December 2, 1942, c. 668, Title III, § 301, 56 Stat. 1035, 42 U. S.C. § 1651(a)(4), and that therefore

plaintiff's exclusive remedy is under the Longshoreman's and Harbor Workers' Compensation Act, Act of Mar. 4, 1927, c. 509, § 1 et seq., 44 Stat. 1424, 33 U.S.C. § 901 et seq.

 Plaintiff asserts the right to enforce a claim based upon the law of Saudi Arabia where the injury was suffered. Defense Base Act, section 1(c), 42 U.S.C. § 1651(c), provides that the Compensation Act remedy shall be exclusive. It is thus the public policy of the United States that the rights of plaintiff and defendant in this case shall be determined by that Act. Under those circumstances the courts of the United States will not enforce a differing foreign law. Urda v. Pan American World Airways, 5 Cir., 211 F.2d 713. As formulated in the Restatement, Conflict of Laws, section 401,

> "If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place where the contract of employment was made or of the place of wrong, no action can be maintained for such tort or wrongful death in any state."

Plaintiff argues that section 1(a)(4) of the Defense Base Act applies only to territory where the United States has some sovereignty. The language of that statute could hardly be broader. The statute makes the Compensation Act applicable where the "contract is to be performed outside the continental United States and at places not within the areas described in subparagraphs (1)–(3) of this subdivision". Subparagraph (1) describes bases acquired from any foreign government. Subparagraphs (2) and (3) describe areas in a Territory or possession outside the continental United States. The Saudi Arabia airfield was not located in an area of any of those three types. The location of the accident was clearly within the territory where the Defense Base Act made the Compensation Act applicable.

Next, plaintiff says that he was not engaged in "public work" within the terms of the statute. "Public work" is defined in section 1(b) as being "for public use of the United States or its Allies". Plaintiff argues that Saudi Arabia excludes Jews from the place where plaintiff was working even though they are United States citizens so that it cannot be for public use. Any military purpose is a public use no matter how accomplished. See City of Oakland v. United States, 9 Cir., 124 F.2d 959, 964; United States v. 385 Acres of Land, etc., D.C.E.D.Wis., 61 F.Supp. 746.

It is unnecessary to consider defendant's points based upon plaintiff's express adoption of the Longshoremen's and Harbor Workers' Compensation Act in the contract of employment, his making claim and acceptance of benefits under that Act and his failure to serve notice within the period fixed by the contract.

The motion for summary judgment dismissing the complaint is granted.

So ordered.