(No. 41460.—

YELLOW CAB Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Kenneth Michael O'Donnell, Appellee.)

*Opinion filed March 27, 1969.*

House, J., dissenting.

Brody & Gore, of Chicago, for appellant.

Bernard Davis, of Chicago, (Sidney Z. Karasik and James L. Gorman, of counsel,) for appellee.

Mr. Justice Kluczynski delivered the opinion of the court:

The sole question presented by this appeal is whether an illegitimate child of a decedent may recover compensation under the provisions of section 7 of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, ch. 48, par. 138.7.) The facts are not in dispute. On February 28, 1964, Kenneth O'Donnell died in an accident arising out of and in the course of his employment with the respondent, Yellow Cab Company. An application for adjustment of claim on behalf of his illegitimate minor son, Kenneth Michael O'Donnell, was filed with the Industrial Commission. It was stipulated

by the parties that the decedent was the natural father of the petitioner, through a relationship with one Alice Stevens, with whom he had resided for many years, both before and after the birth of the petitioner. It was further agreed that petitioner was totally dependent upon the deceased for his support and maintenance and that he had lived all his life in a common household with the decedent and his natural mother. The record also discloses that the decedent had listed the petitioner as his child on his application for employment with the respondent and on his income tax returns. The Commission entered an award under section 7(b) and the circuit court of Cook County affirmed.

On appeal, respondent argues, relying primarily upon *Murrell* v. *Industrial Com.* (1920), 291 Ill. 334, that the death benefits provided by section 7 do not extend to illegitimate children of the deceased. That section provides in pertinent part:

"The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be:

"(a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his accident, a sum equal to 9.25 times the average earnings of the employee \* \* \*

"(b) If no amount is payable under paragraph (a) of this Section and the employee leaves any parent, husband, child or children, who at the time of accident were totally dependent upon the earnings of the employee, then a sum equal to 9.25 times the average annual earnings of the employee, \* \* \*."

Substantially the same section, at least for purposes of the issue involved here, was reviewed in the *Murrell* case. Therein, the court applied the "rule of construction that *prima facie* the word 'child' or 'children,' when used in a statute, will or deed, means legitimate child or children, and

will not be extended, by implication, to embrace illegitimate children unless such construction is necessary to carry into effect the manifest purpose of the legislature, the testator or the grantor. [Citations.]" (291 Ill. at 336.) Since the court there found that the legislature had not changed the common-law rule that the parents of a child born out of wedlock were not legally obliged for his support, it refused to extend the death benefits to illegitimate children. (291 Ill. at 336, 337.) It is this holding which respondent urges precludes recovery in the instant cause.

Petitioner, on the other hand, asserts that the *Murrell* holding is not controlling due to the subsequent decision in *Faber* v. *Industrial Com.* (1933), 352 Ill. 115, and the enactment of the duty-to-support provisions of the Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1963, ch. 68, par. 52(c)) and of the Paternity Act (Ill. Rev. Stat. 1963, ch. 106¾, par. 52). The latter Act requires a putative father to support an illegitimate child "to the same extent and in the same manner as the father of a child born in lawful wedlock." Both Acts provide for enforcement of support provisions upon a verified written acknowledgement of paternity. Ch. 68, par. 52(c) and ch. 106¾, par. 54.

In *Faber,* recovery under section 7(b) was permitted to a woman other than the natural mother who had reared the deceased employee from childhood on the basis that "a condition of *loco parentis* existed over a period of twenty years between the petitioner and the deceased." (352 Ill. at 117.) In so holding, the court noted that certain reciprocal rights exist between a person and a child to whom by his voluntary actions he stands in the place of a natural parent and that "among these reciprocal rights of parent and child is the right of the child to support * * *." (352 Ill. at 120.) The court further noted that the *Murrell* case was not in point because the doctrine of *loco parentis* to the employee

"was not raised, discussed or apparently involved." (352 Ill. at 122.) It is argued by claimant here that if the *loco parentis* doctrine was sufficient to sustain recovery under section 7 where the claimant was not the natural mother of the child, *a fortiori,* it should suffice to permit recovery under the present circumstances.

The real significance of the *Faber* decision, like the cited statutory provision, lies in emphasizing that the harsh doctrines of the common law relating to the rights of illegitimate children, and the underlying social attitudes which produced these doctrines have yielded to more enlightened judicial and legislative action. Therefore, the rationale of the *Murrell* case—that the legislature did not intend to abrogate these common-law doctrines—no longer obtains, leaving the holding of that case without support.

The purpose of section 7 of the Workmen's Compensation Act is to provide some compensation to persons who were dependent upon the deceased employee for support or as to whom a legal obligation to support existed. In view of the statutory changes relating to the status of illegitimate children, we think this purpose will best be served by including illegitimate children within the general definition of children who may take under the section. See *Green* v. *Burch,* 164 Kan. 348, 189 P.2d 892.

As previously noted, section 7(a) sets up a subcategory of persons, specifically the surviving widow and child or children, who are conclusively presumed to be dependent upon the deceased because he was under a legal obligation to support them at the time of the accident. (*Snyder* v. *Industrial Com., ante,* at p. 18.) Not every minor illegitimate offspring of a decedent will be qualified to take under this subsection; paternity must be proved. Under the facts of the present case, we hold that the decendant was under a legal obligation to support claimant; therefore, he is entitled to an award under section 7(a).

The judgment of the circuit court affirming the Com-

mission is therefore modified to reflect that the award is properly rendered under section 7(a), instead of 7(b), and is affirmed.

*Judgment modified and affirmed.*

Mr. Justice House, dissenting:

While I am in accord with the desirability of treating a recognized illegitimate as legitimate for the purpose of entitlement to compensation under the Workmen's Compensation Act where there is a legal obligation of the father to support the dependent child, I cannot agree that the Act as it now stands permits compensation to be paid an illegitimate. The definition of "child" in the Act precludes such compensation. Any change from the long-recognized rule is within the province of the General Assembly rather than the courts. Accordingly, I dissent.