(No. 47332.-

NANCY K. JONES, Appellee, v. THE INDUSTRIAL
COMMISSION *et al.*—(Mary Wunsch, Appellant.)

*Opinion filed October 1, 1976.*

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellant.

No brief for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an award of compensation made pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*).

All parties stipulated before the arbitrator for the Industrial Commission that Robert B. Jones was an employee of respondent Peter Kiewit Sons' Company as of July 21, 1967. The parties further stipulated that Jones sustained accidental injuries on that date which arose out of and in the course of his employment and that Jones died as a result of those injuries. It was also agreed that the provisions of the Workmen's Compensation Act were applicable to this case and that the only dispute concerned the marital status of the deceased and the dependency of any minor children.

The original application for adjustment of claim was filed with the Industrial Commission by Nancy K. Jones as the mother and next friend of Kevin Jones and Mark Jones. The petition alleged that the deceased was the father of Kevin and Mark Jones and that the two children were therefore entitled to compensation. The respondent then filed an application for adjustment of claim with the Industrial Commission naming Mary Wunsch, the mother and next friend of Katherine Mary Jones and Donald Bruce Jones, as a party to the case. The two applications were consolidated, pursuant to stipulation.

The only witness to testify at the hearing before the arbitrator was Mary Wunsch. Mrs. Wunsch testified that she had married the deceased Robert B. Jones on May 15,

1948, and that two children were born as the issue of that marriage. Katherine Mary Jones was born on February 9, 1949, and Donald Bruce Jones was born on May 17, 1951. Mrs. Wunsch further testified that her marriage to Robert B. Jones was terminated by divorce in July, 1960.

The arbitrator made an award of compensation to Mary Wunsch as the mother and next friend of Donald Bruce Jones. The arbitrator denied compensation to Katherine Mary Jones because she had reached the age of 18 before her father's death. Compensation was also denied to Nancy K. Jones as mother and next friend of Kevin Jones and Mark Jones because of a failure of proof that the deceased had been under a legal obligation to support those children.

A petition for review was filed by Nancy K. Jones as mother and next friend of Kevin and Mark Jones. Two witnesses subsequently gave testimony at a hearing before the Industrial Commission. Grace White testified that she was the mother of Nancy K. Jones and the grandmother of Kevin and Mark Jones. She stated that her daughter lived with Robert B. Jones from July, 1964, until Jones' death on July 22, 1967. She further testified that Kevin Jones was born in May, 1965, that Mark Jones was born in March, 1967, and that Kevin and Mark lived with Robert B. Jones and Nancy K. Jones until the fatal accident of July 21, 1967. Mrs. White identified two exhibits as the birth certificates of Kevin and Mark Jones. The exhibits, each of which named Robert Bruce Jones as the father of the minors, were admitted into evidence. The witness also testified that she visited her daughter's home about once a month and that her daughter visited at her home about once a week, beginning in July, 1964.

Upon cross-examination, Mrs. White testified that her daughter had married a Carl Jones in 1963. That marriage ended in divorce in 1968—after the death of Robert B. Jones and after the births of Kevin and Mark Jones.

On redirect examination, the witness testified that

Robert B. Jones accompanied her daughter during their weekly and monthly visits. In addition, Mrs. White stated that she never saw Carl Jones after 1963.

Richard Shipley testified that he had been acquainted with Robert B. Jones since 1954 and with Nancy K. Jones since 1964. According to Shipley, Robert Jones and Nancy Jones were living together as of July, 1964. Shortly after the birth of Kevin Jones in May, 1965, the three came to live with him and remained until September of that year. The witness further testified that Robert Jones continued to live with Nancy Jones subsequent to the birth of Mark Jones in March, 1967.

After hearing the additional evidence, the Industrial Commission affirmed the decision of the arbitrator. Nancy Jones appealed the decision to the circuit court of Cook County. The circuit court reversed the Industrial Commission and remanded the cause with directions that the Commission award compensation to Kevin Jones and Mark Jones as well as to Donald Jones. The Industrial Commission subsequently issued an order awarding compensation to the three children as directed by the circuit court. Petitioner Mary Wunsch appealed that decision, and the circuit court affirmed. Wunsch has appealed directly to this court pursuant to Supreme Court Rule 302(a). Ill. Rev. Stat. 1975, ch. 110A, par. 302(a).

Petitioner-appellant Wunsch contends that the evidence was insufficient to prove that the deceased was the father of Kevin and Mark Jones. Accordingly, appellant insists that the Commission's original decision was not against the manifest weight of the evidence and should not have been reversed. Although appellee Nancy Jones has not filed a brief in this court, we nonetheless will consider the merits of the issue presented. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133.

We have held that an illegitimate child of a deceased employee may recover compensation pursuant to the Workmen's Compensation Act under some circumstances.

(*Yellow Cab Co. v. Industrial Com.*, 42 Ill. 2d 226.) An award of compensation is not to be made to an illegitimate child unless paternity is proved. (*Yellow Cab Co. v. Industrial Com.*, 42 Ill. 2d 226, 230.) The testimony of Grace White and Richard Shipley does contain some evidence which suggests that the deceased may have been the father of Kevin and Mark Jones. However, the testimony of Grace White that Nancy Jones was married to Carl Jones in 1963 and that the marriage did not end in divorce until well after the births of Kevin and Mark Jones is substantial evidence that Nancy Jones was lawfully married to Carl Jones during the time period in question. If a woman is lawfully married at the time that a child is born to her, there is a strong presumption that the lawful husband is the father of the child. (*Sugrue v. Crilley,* 329 Ill. 458, 464.) A party seeking to rebut that presumption has the burden to introduce evidence which clearly and conclusively proves that the child's father is someone other than the mother's lawful husband. *Sugrue v. Crilley,* 329 Ill. 458, 464.

It is well established that the determination of disputed questions of fact in workmen's compensation cases is primarily a function of the Industrial Commission. (*Dixon v. Industrial Com.*, 60 Ill. 2d 126, 130.) The circuit court may set aside a decision of the Industrial Commission only if that decision is against the manifest weight of the evidence. (*County of Cook v. Industrial Com.*, 57 Ill. 2d 24, 28-29.) In the instant case, the Commission upheld the arbitrator's refusal to award compensation to Kevin and Mark Jones. While there was testimony to the effect that the deceased and appellee had lived together for a period of time, none of the witnesses testified to the facts surrounding the births of Kevin and Mark Jones. Appellee did not testify during any of the proceedings below, and no evidence was offered as to any formal acknowledgment of paternity by the deceased. Also, appellee's own witness testified that appellee was married to someone other than

the deceased during the time period in question. Under these circumstances, the determination was one for the Commission to make, and we cannot say that its decision is contrary to the manifest weight of the evidence.

It follows that the circuit court erred in reversing the original decision of the Industrial Commission. The judgment of the circuit court of Cook County and the order of the Industrial Commission issued after the case had been remanded by the circuit court are reversed. The original order of the Industrial Commission awarding compensation solely to Mary Wunsch as the mother and next friend of Donald Bruce Jones is reinstated.

*Judgment reversed; award reinstated.*