DRIVES, INC., Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Janice Kay Den Besten, Appellee).

Fourth District (Industrial Commission Division) No. 4—84—0100 WC

Opinion filed May 31, 1984.

John E. Cunningham, of Burgeson, Laughlin, Cunningham & Hare, of

Chicago, for appellant.

Richard R. Haldeman and Lynn K. Bruggen, both of Williams & McCarthy, of Rockford, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This appeal requires us to construe section 7(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.7(a)). There is no controversy over the facts, and the case presents only issues of law.

The claimant, Janice Kay Den Besten Reitsema, was the child of Alfred Den Besten, who with his wife was killed in an airplane crash on September 23, 1977. There is no question of accident or employment. At the time of her father's death, Janice was 21 years of age and enrolled as an undergraduate in her senior year in college; she was totally dependent upon her father for support. During that year, specifically on March 17, 1978, she married James Reitsema, who was also a student, and continued her studies until graduation in August 1978. After graduating, Janice was employed by the public school system of Grand Rapids, Michigan, and worked there as a teacher during 1978 and 1979. In 1980 she and her husband moved to the State of Colorado, where she became employed teaching special education.

Under Colorado law a master's degree is required in order to be qualified as a special-education teacher. Therefore, Janice enrolled in the University of Denver in August 1980 and received her master's degree in August 1981. She became 25 years of age after completing the work on her master's degree.

At the time of this claim, the statute provided in pertinent part:

"If the employee leaves surviving a widow, widower, child or children, applicable weekly compensation rate computed in accordance with subparagraph 2 of the paragraph (b) of Section 8, shall be made payable during the life of the widow or widower and if any surviving child or children shall not be physically or mentally incapacitated then until the death of the widow or widower until the youngest child shall reach the age of 18, whichever shall come later; provided that if such child or children shall be enrolled as a full-time student in any accredited educational institution, the payments shall continue until such child has attained the age of 25. In the event any surviving child or children shall be physically or mentally incapacitated, the payments shall continue for the duration of such incapacity.

The term 'child' means a child whom the deceased employee left surviving, including a posthumous child, a child legally adopted, a child whom the deceased employee was legally obligated to support or a child to whom the deceased employee stood in loco parentis. The term 'children' means the plural of 'child.' " Ill. Rev. Stat. 1977, ch. 48, par. 138.7(a).

The arbitrator awarded the claimant benefits from the date of the death of her father, but disallowed them from the date of her marriage. On review, the Commission reversed the arbitrator and awarded her benefits for all periods during which she was enrolled as a full-time student prior to attaining age 25. The circuit court of McLean County confirmed the Commission's order and the father's employer has appealed. We affirm.

The respondent does not dispute that the claimant was entitled to benefits until the time of her marriage. However, it presents two issues on appeal: (1) whether the benefits should terminate upon marriage, since there was no longer a legal obligation upon the decedent to support the claimant, and (2) whether the benefits should terminate when education is interrupted.

■ As to the first issue, claimant maintains that her marriage is irrelevant, so long as she is a full-time student. We agree. Respondent's argument was proper under the former statute, which provided in pertinent part:

"The term 'such child' means a child whom the deceased employee left surviving including a posthumous child or a child legally adopted before the accident, and who, at the time of the employee's death was under 16 years of age or who at the time of the employee's death had reached 16 but was still under 18 and was then not emancipated and is shown to have been substantially dependent upon the employee for support. The term 'such children' means the plural of 'such child.' " (Ill. Rev. Stat. 1973, ch. 48, par. 138.7(a).)

Under this provision, the test for benefits was the deceased parents' "legal obligation to support" and emancipated children over 18 had been allowed to recover under the Act based solely on the support obligation. Snyder v. Industrial Com. (1969), 42 Ill. 2d 18, 244 N.E.2d 601.

The statute was amended, effective July 1, 1975, to provide a broader eligibility test, as can be seen from its terms set forth above. A child now qualifies for benefits if he or she meets any of the following: (1) is under 18 years of age; (2) is under 25 years of age and is a full-time student at any accredited educational institution; or (3) is

physically or mentally handicapped. While the statute, as amended, still retains the language "legally obligated to support," this is no longer a general requirement for all children, but serves merely as a catch-all for those not covered by the specific criteria set forth above. As an example, it will cover illegitimates. *Jones v. Industrial Com.* (1976), 64 Ill. 2d 221, 356 N.E.2d 1.

Legal obligation to support is no longer a statutory requirement for benefits under this section. The Commission and the circuit court therefore correctly concluded that claimant's marriage was not a basis for terminating benefits.

■ Respondent's second issue concerns the interruption of education. It will be recalled that Janice completed her undergraduate work and then began teaching. Two years later she again enrolled in college in order to comply with Colorado requirements. Respondent argues that the claimant's status was fixed on the date of her father's death and, apart from the question of marriage, was terminated when she left school to teach; and further, that she should not be permitted to reenter that status at her personal convenience.

While the argument has some appeal, a liberal reading of the statute compels us to reject it. The statute makes no exceptions to the 25-year-age rule and does not expressly terminate benefits in the event of a break in the educational continuum. We cannot speculate on the intent of the legislature in so framing the law, but undoubtedly an unqualified eligibility until age 25 avoids a host of problems. While the claimant here acted volitionally, problems could arise with breaks in the education process due to extended illness, to pregnancy, to the need to earn money to continue schooling, to disciplinary suspensions by the school; the list is circumscribed only by one's imagination. Each one would require the Commission and the courts to do too much soul-searching and legal juggling to reject unworthy pleas and to allow the opposite. The statute would then become so barnacled with exceptions as to be meaningless.

Accordingly, the judgment of the circuit court of McLean County affirming the Commission is affirmed.

Affirmed.

SEIDENFELD, P.J., McNAMARA, BARRY, and KASSERMAN, JJ., concur.