THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Plaintiff-Appellee, v. MARY ANNE REYNOLDS SHAW, Guardian of Marissa Anne Hicks, Defendant-Appellant (Ann G. Hicks, Indiv. and as Guardian of Amy Hicks, *et al.*, Defendants).

First District (3rd Division)   No. 83—2877

Opinion filed September 18, 1985.

Kionka & Associates, of Chicago (Edward J. Kionka, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Moshe Jacobius, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Defendant, Mary Anne Reynolds Shaw, as guardian of Marissa Anne Hicks, appeals from a judgment entered in favor of the plaintiff, board of trustees of Southern Illinois University, on its complaint for declaratory judgment and injunctive relief. The defendant and decedent James D. Hicks (Hicks) lived together from 1972 until March 3, 1978. They had discussed marriage but decided not to marry. On March 14, 1978, the defendant learned she was pregnant and so informed Hicks. He offered to help defray expenses for an abortion, but the defendant refused. In 1978, defendant filed a paternity action in Jackson County. Hicks denied paternity and the case was never resolved. Hicks had been an employee of the plaintiff since 1976. On July 6, 1979, while stationed in Nepal, Hicks died as a result of a motorcycle accident in the course of his employment.

The defendant filed a claim for workers' compensation benefits under the Defense Base Act (42 U.S.C. sec. 1651 et seq. (1976)) on behalf of her daughter, Marissa Anne Hicks. On June 29, 1982, while the claim under the Defense Base Act was pending, the defendant filed a claim with the Illinois Industrial Commission, seeking benefits on Marissa's behalf under the Workers' Compensation Act. (Ill. Rev. Stat. 1981, ch. 48, par. 138 et seq.) On January 28, 1983, plaintiff filed a suit in the circuit court of Cook County, seeking to enjoin defendants from pursuing their claims before the Industrial Commission. On March 14, 1983, Marissa Anne Hicks was denied recovery under the Defense Base Act. The administrative law judge found that she was not an acknowledged illegitimate child, dependant on the deceased. On June 10, 1983, the trial court permanently enjoined the defendant from proceeding with her claim before the Industrial Commission. The court found that the claim was barred by the Illinois Workers' Compensation Act, the Defense Base Act and the supremacy clause of the United States Constitution, and that the Industrial Commission lacked jurisdiction to hear the claim. Defendant's motion to vacate and rehear and reconsider the June 10 order was denied on October 27,

1983. Defendant appeals.

The sole issue presented for review is whether the exclusivity provision of the Defense Base Act precludes defendant from seeking benefits under the Workers' Compensation Act. Section 1651(c) of the Defense Base Act provides:

> "The liability of an employer *** under this chapter shall be exclusive and in place of all other liability of such employer *** to his employees (and their dependants) coming within the purview of this chapter, under the workmen's compensation law of any state ***." 42 U.S.C. sec. 1651(c) (1976).

It is well settled that recovery under the Defense Base Act is the exclusive remedy for covered employees claiming benefits. (*Flying Tiger Lines, Inc. v. Landy* (9th Cir. 1966), 370 F.2d 46; see also *Huhn v. Foley Brothers, Inc.* (1946), 221 Minn. 279, 22 N.W.2d 3; *Berven v. Fluor Corp.* (S.D.N.Y. 1959), 171 F. Supp. 89.) Defendant maintains, however, that because liability under the Defense Base Act is based on dependency and Marissa Hicks was thereby precluded from recovery, it is not *her* exclusive remedy. Defendant therefore argues that she should not have been enjoined from pursuing her claim before the Industrial Commission.

The cardinal rule of statutory construction is to give effect to the true intent and meaning of the legislature. (*People v. Boykin* (1983), 94 Ill. 2d 138, 445 N.E.2d 1174.) Congress addressed the exclusivity provision of the Defense Base Act:

> "Another modification of the act *** is the inclusion of a provision making the employer's liability under that act exclusive and in place of liability for workmen's compensation under the law of any State ***. This has been included for the following reason: We have found that some employees injured at defense bases and who have been returned to the United States have endeavored to secure benefits under State law, notwithstanding that their injury occurred within the purview of the Federal act." (88 Cong. Rec. 8886 (1942).)

Additionally, the Workers' Compensation Act provides:

> "Employees are not included within the provisions of this Act when excluded by the laws of the United States relating to liability of employers to their employees for personal injuries where such laws are held to be exclusive." (Ill. Rev. Stat. 1981, ch. 48, par. 138.1(b)(2).)

Where statutory language is clear, it will be given effect without resorting to other aids. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.) Further, all portions of the Workers' Compensation Act

must be read as a whole and given the practical interpretation intended by the legislature. *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 287 N.E.2d 701.

It is axiomatic that liability under the Workers' Compensation Act is based on the employer-employee relationship. A claimant's rights must therefore be derivative. Since an employee is precluded from recovery under the Workers' Compensation Act where he is covered by another Federal law, (here, the Defense Base Act), it follows that parties claiming on his behalf are similarly precluded from pursuing their claims. The claimant's rights are determined at the hearing on the Defense Base Act claim. That the claimant in this case was unsuccessful does not give her a right to pursue an alternate remedy. To hold otherwise would subvert the clearly expressed legislative intent.

Defendant also argues that Marissa Hicks would be successful before the Industrial Commission because the Workers' Compensation Act covers illegitimates. In support of her argument, she cites *Drives, Inc. v. Industrial Com.* (1984), 124 Ill. App. 3d 1014, 464 N.E.2d 1142. In *Drives*, the court held that a legal obligation to support is not required for recovery under the Workers' Compensation Act. That issue is not before this court. We note, however, that proven paternity is a prerequisite for recovery under the Workers' Compensation Act by an illegitimate. (See *Jones v. Industrial Com.* (1976), 64 Ill. 2d 221, 356 N.E.2d 1; *Yellow Cab Co. v. Industrial Com.* (1969), 42 Ill. 2d 226, 247 N.E.2d 601.) We further note that it is the law in Illinois that paternity cannot be imposed on an estate in the absence of an adjudication of paternity during life. *Toms v. Lohrentz* (1962), 37 Ill. App. 2d 414, 185 N.E.2d 708.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.