In the Matter of Estate of William C. Fischer, Appellant, v. Anna S. Fischer, Appellee.

Gen. No. 46,246.

Opinion filed March 8, 1954. Released for publication March 24, 1954.

GEORGE YELLEN, and GEORGE E. SANKSTONE, both of Chicago, for appellant.

CLARENCE E. MERCER, of Chicago, for appellee; T. J. McCORMICK, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On March 2, 1946, William Carl Fischer of Chicago made and published his last will in which he directed that his just debts and funeral expenses be paid by his executrix; that he be buried in a certain lot in Graceland Cemetery, Chicago; and that she have sole charge of the interment. The will bequeathed all the rest, residue and remainder of his estate to his wife, Anna S. Fischer, and his sister, Sophie L. Fischer. He nominated and appointed his sister as executrix of the will. He died on December 9, 1946 at the age of 67 years. On December 12, 1946, the widow, Anna, caused the body to be interred in Rosehill Cemetery, Chicago. On December 16, 1946, the will was filed in the probate court of Cook county. The will was proved and letters testamentary issued to Sophie, as executrix, on January 22, 1948. On May 8, 1951, the executrix petitioned the court to allow the removal of the body from Rosehill Cemetery for burial in Graceland Cemetery. The widow in an answer opposed the petition. Neither cemetery was

made a party. Following a hearing the probate court denied the petition. On a trial *de novo* the circuit court ordered that the cause be dismissed. The executrix, appealing, prays that the order of the circuit court be reversed and that an order be entered that the body be interred in Graceland Cemetery.

The executrix maintains that her brother had the right to direct the place of his interment and that it was and is her duty to enforce that provision of the will. The widow says that she performed her duty in giving the body of her husband a decent burial and that the court was right in denying her sister-in-law the right to remove the body from the grave where it is resting. Mr. Fischer was a clerk. He and Anna were married 43 years. He retired in 1943. During his last illness of 4 years the widow cared for him. During his lifetime he caused to be erected a headstone with his name thereon in Rosehill Cemetery. The executrix did not file an inventory. Apparently, she did not discover any property of the deceased. The widow knew that her husband made a will. It is doubtful that she knew the contents of the will. The sister-in-law accompanied her brother from his home to a lawyer's office where the will was drafted and she knew the contents thereof.

In *People v. Harvey,* 286 Ill. 593, the Supreme Court said (601):

"Right of possession of a dead body in the absence of any testamentary disposition belongs usually to the husband or wife or next of kin."

In *Palenzke v. Bruning,* 98 Ill. App. 644, the court said (650):

"While it may be true there is no right of property in a dead body, in the ordinary sense, it is also true that the nearest relatives of the deceased are and have been in all ages, so far as known, except under ecclesiastical law, recognized as legally entitled to its cus-

531

tody, to lay it away in burial. It is the duty no less than the right of such relatives to protect it from unnecessary violation, and any infringement upon that right, except where made necessary for the discovery and punishment of crime, violates the tenderest sentiments of humanity."

In that case we quoted from *Foley v. Phelps,* 1 N. Y. Appellate Division 551, 553, as follows:

"It has been stated in general terms in several cases that in the absence of testamentary direction on the part of the deceased the exclusive right of burial, and of designating the place in which human remains shall be interred, is with the next of kin."

In *Mensinger v. O'Hara,* 189 Ill. App. 48, the court said (53):

"The decided weight of authority in this country supports the proposition that while a dead body is not considered as property, in the ordinary, technical sense in which that word is usually employed, yet the law does recognize a right, somewhat akin, perhaps, to a property right, arising out of the duty of the nearest relatives of the deceased to bury their dead, which authorizes and requires them to take possession and control of the dead body for the purpose of giving it a decent burial. This right is an exclusive right to the custody and possession of the remains, and in the absence of any testamentary disposition, belongs to the surviving husband or wife, if any, or if there be none, then to the next of kin."

The right of burial ordinarily includes the right to determine the time, manner and place of burial. It is the policy of the law, except in cases of necessity or for laudable purposes, that the sanctity of the grave should be maintained, and that a body once suitably buried should remain undisturbed, and a court will not ordinarily order or permit a body to be disinterred un-

less there is a strong showing that it is necessary and that the interests of justice require. A burial by the consent of those having the paramount right is regarded in law as a final sepulchre which cannot be disturbed against the will of those who have the right to object, generally the next of kin, on account of change in feeling or circumstances, except upon strong and convincing evidence of new and unforeseen events occurring since the burial showing that it would be unreasonable to refuse the removal. See 25 C. J. S. Dead Bodies.

 When William Fischer died his widow made arrangements for the funeral and paid the funeral expenses. At the time of the wake and burial in Rosehill Cemetery the sister knew of the direction in her brother's will that he be buried in Graceland Cemetery. A few days after the burial she filed the will in the probate court. She did not take steps to have letters testamentary issued for more than a year thereafter. The petition to remove the body was not filed until more than four years after the interment. The sister also knew that her brother had erected a headstone with his name thereon at the lot in Rosehill Cemetery, where he was subsequently buried. It is generally conceded that on the death of a husband or wife the primary and paramount right to the possession of the body and to the control of the burial or other legal disposition thereof is in the surviving spouse and not in the next of kin, in the absence of a different provision by the deceased. At the time of his death the widow was not aware of the direction in the will that he be buried in Graceland Cemetery. The sister, with knowledge of that direction in the will, permitted her brother's body to be interred in Rosehill Cemetery and took no steps to carry out his request for more than four years. The sister did not attempt to carry out the direction of the will as to the interment. There is no direction in the

will as to moving the body after interment. The executrix was given sole charge of the interment. When application is made to a court for permission to remove a body, it has the right to require a showing of reasonable cause for the removal and reinterment. Each case must be considered in equity on its own merits, having due regard to the interests of the public, the wishes of the decedent, the rights and feelings of those entitled to be heard by reason of relationship or association, the rights and principles of the religious body or other institution which granted the right to inter the body at the first place of burial and determining whether consent was given to the burial in the first place of interment. In the instant case the sister did not make any showing of reasonable cause for the removal and reinterment of her brother's body. Under the circumstances, any right the sister as executrix might have had to inter the body of her brother in Graceland Cemetery was lost by her failure to assert that right before the body was interred in Rosehill Cemetery.

 The parties do not raise any question as to the jurisdiction of the probate court to try and decide an issue as to the possession and interment of a dead body. Controversies relative to the interment or disinterment of dead bodies are within the jurisdiction of courts of equity. 25 C. J. S. page 1031. Section 20 of Art. VI of the Constitution states that probate courts when established "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons . . . and in cases of sales of real estate of deceased persons for the payment of debts." Section 7 of the Probate Act (par. 157, ch. 3, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 110.253]) states that probate courts have the same powers to enforce observance of all orders, decisions, judgments and decrees made by them in the discharge of their duties

under the Act, to issue attachments for contempt and to fine and imprison offenders as circuit courts have in similar cases. In *Howard v. Swift,* 356 Ill. 80, the court said that the probate court is not a court of general jurisdiction, that any acts which attempt to extend such jurisdiction beyond that conferred by the constitution are void and that the court can only exercise equitable power within the zone conferred by the constitution. The court held that the probate court does not have jurisdiction of claims *ex delicto.* In *Roffmann v. Roffmann,* 384 Ill. 315, the court said that an administrator stands in the place of the deceased, that he is required to inventory the estate of which the deceased was seized at the time of death, to administer the property as it was at that time, and to settle the estate accordingly.

Section 79 of the Probate Court Act (par. 231, ch. 3, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 110.328]) states that before issuance of letters to an executor his power extends to the burial of the decedent, the payment of necessary funeral charges and the preservation of the estate. Section 80 [Ill. Rev. Stats. 1953, ch. 3, § 232; Jones Ill. Stats. Ann. 110.329] of that Act provides that the executor shall administer all the testate and intestate estate of the decedent. Section 79 does not affect the right of interment of the body as hereinbefore discussed. That section protects the executor in the payment of funeral and burial charges. In the instant case no estate has been inventoried and there is no property to administer. Certainly the dead body of the deceased forms no part of the estate. The probate court has no general equitable jurisdiction of controversies relative to the interment and disinterment of human bodies. While the circuit court, to which the case was appealed, has original

535

equitable jurisdiction to entertain and decide such a case, yet on the appeal from the probate court the general jurisdictional power of the circuit court on the appeal is limited and circumscribed to the same jurisdictional subjects as the probate court. *Howard v. Swift,* 356 Ill. 80. In our opinion neither the probate court nor the circuit court had jurisdiction to determine the issue presented.

For the reasons stated the order of dismissal of the circuit court of Cook county is affirmed.

*Order affirmed.*

NIEMEYER, P. J. and FRIEND, J., concur.