Earl A. ROSENBLUM, Plaintiff-Appellant,

v.

NEW MT. SINAI CEMETERY ASSOCIA-
TION, Edith S. Rosenblum, Intervenor,
Defendants-Respondents.

No. 34085.

Missouri Court of Appeals,
St. Louis District.

April 25, 1972.

Motion for Rehearing and for Transfer to Su-
preme Court Denied May 18, 1972.

Application to Transfer Denied July 17, 1972.

———◆———

Irl B. Baris, Leonard J. Frankel, New-
mark & Baris, St. Louis, John L. Aulvin,
Mt. Carmel, Ill., Attys., for plaintiff-appel-
lant.

Martin A. Rosenberg, St. Louis, for de-
fendant respondent Mt. Sinai Cemetery
Assn.

J. Leonard Kline, Goldberg & Kline, Clayton, Trockman, Lloyd, Flynn & Swain, Evansville, Ind., for intervenor defendant-respondent.

WEIER, Commissioner.

Plaintiff brought his suit against defendant cemetery association to compel it to permanently inter the remains of his late brother, Herbert Rosenblum. The widow was allowed to intervene as a defendant and to file a counterclaim, in which she sought delivery of her husband's body so that she might determine the place of burial. The court rendered judgment in favor of defendants, and from it plaintiff appeals.

Herbert Rosenblum was a retired merchant, who, together with his brother Earl, operated a clothing store in Mt. Carmel, Illinois, for many years. Herbert married Edith, the intervening defendant, March 7, 1948, in Evansville, Indiana, where she lived. Thereafter, Herbert lived at Evansville with his wife and daughter, driving to his store in Mt. Carmel. In 1959 he retired, and, except for weekly visits to Mt. Carmel, lived and spent most of his time at Evansville. After a cancer operation in 1962 his health deteriorated. In November of 1969, he attended the funeral of his sister-in-law, Earl's wife, but, instead of returning to Evansville, he returned to Mt. Carmel, where he remained with his brother until January 18, 1970, when he died.

At the time of his death, Herbert owned his home in Evansville and real property in Mt. Carmel. He transacted business in banks in both cities. His will, which contained no direction as to disposition of his remains, appointed his brother executor, and was admitted to probate in Illinois. Immediately after Herbert's death, Earl shipped his body to St. Louis for burial. Edith protested and requested the body be sent to Evansville for burial. Decedent's remains were placed in a temporary crypt to await determination of the controversy.

Earl contends the trial court was in error when it ordered the body of Herbert turned over to his widow because the law of Missouri recognizes the right of deceased to direct his own burial, especially when he is estranged from his wife. Defendant widow, on the contrary, submits that the law of Illinois applies and that the spouse or next of kin has the right to possession of the body of a deceased person, absent testamentary disposition. She bases her theory of application of Illinois law in part upon the admitted adjudication of domicile by the probate court, which she first opposed but finally accepted, and now contends the determination was binding upon all parties. Earl, to sustain his position, maintains his brother's body was no part of his estate. Fischer's Estate v. Fischer, 1 Ill.App.2d 528, 117 N.E.2d 855, 859. Further, the body was physically located in Missouri, and since it is in Missouri, and since Missouri is the only state that has jurisdiction over all the parties, its law should apply. The plaintiff's contention as to application of Missouri law is sound because of the paramount interest of the state in seeing that the burial of all dead persons within its boundaries is properly carried out by those within its jurisdiction who have that duty. Jerome P. Parker-Harris Co. v. Stephens, 205 Mo.App. 373, 224 S.W. 1036, 1037 [2]; Caen v. Feld, Mo., 371 S.W.2d 209, 212.

The right of undisturbed sepulture imposes with it a corresponding duty on the living, primarily on the surviving spouse or next of kin, to provide for preparation of the body, funeral and burial. "The imposition of the duty to bury the dead carries with it the conferring on the person charged therewith of such rights as may be necessary to a proper performance. In the sense in which the word 'property' ordinarily is used, one whose duty it becomes to bury a deceased person has no right of ownership over the corpse; but, in the broader meaning of the term, he has what has been called a 'quasi property right' which entitles him to the possession and control of the body for the single purpose of decent burial. If the deceased person

leave a widow, such right belongs to her in preference to his kinsmen, provided she be present to perform the duty for which the right is a mere handmaiden. If from absence or other cause she be disabled from performance, the duty then should be discharged by the close kindred, or by the person in whose house the man died, and at the charge of the estate of the deceased person." Such rights are enforceable in a court of equity. Litteral v. Litteral, 131 Mo.App. 306, 111 S.W. 872, 873. This basically is the law of Illinois, (see Fischer's Estate v. Fischer, supra, 1 Ill. App.2d 528, 117 N.E.2d 855), and of Indiana, the state of residence of the surviving spouse, who at least has a quasi property right in the body of her deceased husband, (Meek v. State, 205 Ind. 102, 185 N.E. 899; Aetna Life Ins. Co. v. Burton, 104 Ind.App. 576, 12 N.E.2d 360). Although Missouri courts have not had before them the question now presented us as to whether a deceased person, other than by will, has the right to determine in his own lifetime his place of burial, we recognize that such expressed desires, whether oral or in writing, are entitled to consideration and substantial weight, in the light of all facts attending their utterance or publication. Wales v. Wales, 21 Del.Ch. 349, 190 A. 109. How far the desires of decedent should prevail against those of a surviving spouse depends upon the particular circumstances of each case. Estrangement or separation of the spouses at time of death could be a deciding factor. But estrangement or separation is only one factor and must be considered with others.

In the case before us, evidence was offered and accepted by the court at trial that decedent desired to be buried in his family plot in St. Louis. The trial court in its findings of fact determined that decedent had made oral statements expressing this desire. Then, in its conclusions of law, the court determined that such oral statements were inadmissible and without effect because they were not testamentary in nature and were made at a time when decedent suffered from a mental condition. The court reached the right result by ordering Herbert's body turned over to his widow for burial, but the expressions of his desires, as related by the witnesses, were competent evidence. When considered, however, with the testimony of the widow, daughter and medical doctor as to his mental condition, brought about by high blood pressure, induced by arteriosclerosis and the effects of terminal cancer, and the differences in his personality and attitude toward his immediate family between the many years of happy life with wife and daughter and the last months of his life, we consider these expressions not to have been made in full mental competence and give them no weight as against the wishes of the surviving spouse.

Plaintiff lastly seeks reversal because of the rulings of the trial court on refusing to admit testimony on conversations held with the deceased as to the alleged condition of estrangement and separation existing between the deceased and his widow. On five occasions plaintiff's counsel attempted to introduce evidence of what decedent had told his brother Earl and others concerning the alleged estrangement. Such conversations included not only what the deceased had said, but also on one occasion a repetition by him of what Edith had said in reply. After an objection was sustained, an offer of proof was made in each instance.

Such out-of-court statements, being hearsay, were not competent to prove the truth of any facts therein stated. Although not presented in the briefs, it could be advanced that such conversations might be introduced to show a state of mind indicating that the deceased intended to be estranged from his wife. State ex rel. Smith v. Hughes, 356 Mo. 1, 200 S.W.2d 360, 361 [2]. But they would also be self serving since they would tend to support the right of deceased, asserted by plaintiff, to direct his own burial. The contention of error in the court's ruling on excluding this evidence

is denied. Critcher v. Rudy Fick, Inc., Mo., 315 S.W.2d 421, 429 [13, 14]; Wilt v. Moody, Mo., 254 S.W.2d 15, 17 [1]; Louis v. Andrea, Mo., 338 S.W.2d 96, 102 [2]; 31A C.J.S., Evidence, § 216, p. 582.

Judgment is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, J., a commissioner when the case was submitted to the Court, is adopted as the opinion of the Court. Accordingly, judgment is affirmed.

DOWD, Acting C. J., ROBERT LEE CAMPBELL and VERNON W. MEYER, Special Judges, concur.