MELVIN, WOODROW M., SR., Associate Judge.
The above appeals challenge the validity of the verdicts and judgments entered and life sentences imposed against Resnick and Hicks for the crime of murder in the first degree.
The parties will be referred to as they were designated in the trial court.
Resnick and Hicks, along with others to whom immunity was granted in exchange for evidence, entered into a plan to murder Horace M. Hartwig, a commercial pilot, who was a potential witness against Res-nick in a federal prosecution for alleged unlawful drug smuggling.
In accord with the plans of Resnick, Hicks and others, the details of which we need not here explore, Hartwig was murdered with a pistol, face and hands bathed in acid, and buried in a shallow grave.
The defendants do not challenge the legal sufficiency of the evidence to establish beyond and to the exclusion of every reasonable doubt, that they and their cohorts had violated the sacred constitutional rights of Hartwig to his life, his liberty and his right to pursue happiness. The jury found that they unlawfully destroyed those rights by killing him. The defendants do, however, contend that the verdicts, judgments and sentences must be set aside, and a new trial ordered for alleged procedural errors, to which the defendants address some one hundred assignments.
An assignment is addressed to the admission in evidence of testimony concerning the skull of the deceased, and also concerning a book of matches found under the body of the deceased. The skull, with the remainder of the body, had been buried in another state. Therefore, the trial court had no jurisdiction to order the authorities of a sister state to exhume the skull for examination. As to the book of paper matches, the testimony before the court was to the effect that the deteriorated condition of the body and its proximity to the matches, made it impossible to preserve the matchbook beyond the original clearing and examination effort.
There is no evidence that the State deliberately suppressed or withheld the exhib *169 its from the defendants. See Resnick v. State, 287 So.2d 24 (Fla.1974), text page 28.
Another assignment alleges that excessive security measures prevailed in the courtroom and corridors during the progress of the trial to the prejudice of the defendants. We glean from the record here that the trial judge had been advised by reliable federal and state officials of their understanding that a plot existed to bring about an armed invasion of the courtroom, the assassination of one of the defendants and the escape of the other. In this atmosphere, it is charged that the judge and security officials brought excessive security measures into being. We hold that when a judge is so advised of pending potential violence, he has the inherent authority and the duty to invoke such security as under existing circumstances appears to be reasonably necessary for the protection, not. only of the judge, but of all lawfully before the Court.
In Florida v. Young, 283 So.2d 58 (Fla.App.1973), text page 60, this Court held:
“In any prosecution there are, of course, two parties involved; the State of Florida as the plaintiff and the person accused of crime as the defendant. They each stand before the Bar of Justice upon level ground. The defendant is entitled to a fair and an impartial trial. By the same token, the State of Florida, representing its citizenry, is likewise entitled to a fair and impartial trial. Neither the State of Florida nor any defendant may, within reason, expect to receive a perfect trial in any tribunal in which mortals preside. In nearly every adversary proceeding, some technical error may be found. Unless error reaches to and affects in a prejudicial manner the rights of a party to a fair and impartial trial, such error is harmless and does not infect the validity of the proceedings.
“One of the stated purposes of those who put together the fabric of the Constitution of the United States was to ‘establish justice’ and insure ‘domestic tranquility’. (Emphasis supplied.) Such no-bel purposes were not reserved just to those accused of crime. They spread as a mantle of protection for the citizenry in general.”
It is easier to be critical than it is to be correct. We have considered all of the assignments of error presented by the defendants and find no reversible error.
The judgments appealed are affirmed.
RAWLS, Acting C. J., and McCORD, J., concur.