VUNA JACQUELIN HICKS, Petitioner-Appellee, v. SHARON STEHL *et al.*, Respondents-Appellants (Mildred Hicks, Respondent).

Second District   No. 2—86—0015

Opinion filed November 18, 1986.

Rolfe F. Ehrmann, of Ehrmann & Gehlbach, of Dixon, for appellants.

James A. Andreoni and Vincent D. Brolley, both of Holmstrom & Green, P.C., of Peru, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Petitioner, Vuna Jacquelin Hicks, filed a petition seeking the disinterment of the body of her late husband, LaVerne G. Hicks, from its present resting place and reinterment in another cemetery. Named as respondents in the petition were Sharon Stehl, Nancy Lohse, Brenda Bowers, Joyce Redding, and Roslyn Hicks, all adult children of the decedent from a prior marriage, and Mildred Hicks, the decedent's aunt and owner of the grave-site lot where decedent had been buried. Following a hearing, the trial court granted the petition. The respondents, with the exception of Mildred Hicks, appeal.

The sole issue raised on appeal is whether the trial court's order was against the manifest weight of the evidence. A brief recitation of the facts elicited at the trial will suffice.

On August 20, 1984, LaVerne G. Hicks passed away and was bur-

ied in the Woodside Cemetery in Lee County. The Hicks family owned three lots of grave sites in Woodside Cemetery. At the time of his death, the decedent owned sites 9 and 10 in lot 3. His aunt, Mildred Hicks, owned sites 6 and 7. On the corner of site 10 was a large burr oak tree. Decedent had expressed a desire to be buried in the shade of the oak tree; however, the custodian of the cemetery, Frank Barlow, stated that burial in site 10 might disturb the roots of the oak tree. He suggested that decedent be buried in site 6. According to petitioner and Barlow, her stepdaughter, Sharon Stehl, was present during this conversation and agreed that petitioner could be buried next to the decedent in site 7. It was petitioner's understanding that Mildred Hicks had given Sharon authority to determine how the remaining sites on lot three were to be used.

Shortly after burial of the decedent in site 6, the decedent's daughters and petitioner met at the office of petitioner's attorney for a reading of decedent's will. All of the daughters, including Sharon Stehl, refused to sign an agreement allowing petitioner to be buried in site 7 upon her death.

No further action was taken by petitioner until December 1984, at which time she learned that the daughters had purchased and erected a headstone with the name of the decedent and inscribed "FATHER" on his grave site. Thereafter, petitioner commenced the action which is the subject of this appeal.

■■ We observe first that disinterment is not a matter of right, and the wishes of the wife or next of kin are not always final as to the disposition of the body, though the body is yet unburied, and even less are they final when the body has been laid to rest. (*Friedman v. Agudath Achim North Shore Congregation* (1953), 351 Ill. App. 413.) In light of the sanctity of a grave, permission to remove buried remains will not be lightly granted. *Mestjian v. Town of Cerro Gordo* (1985), 131 Ill. App. 3d 16, 17.

Respondents contend the manifest weight of the evidence establishes no necessity to disinter the decedent. They argue that the record shows no promise or agreement between respondents and petitioner upon which petitioner could have properly relied in choosing a burial site for decedent; that the evidence shows that it was petitioner herself who chose the burial site for the decedent; and that petitioner has taken no legitimate steps to secure the grave site next to decedent. Respondents rely on *In re Estate of Fischer* (1954), 1 Ill. App. 2d 528, wherein the appellate court stated:

"A burial by the consent of those having the paramount right is regarded in law as a final sepulchre which cannot be dis-

turbed against the will of those who have the right to object, generally the next of kin, on account of change in feeling or circumstances, except upon strong and convincing evidence of new and unforeseen events occurring since the burial showing that it would be unreasonable to refuse the removal. [Citation.]" 1 Ill. App. 2d 528, 533.

While none of the few Illinois cases dealing with disinterment are directly on point, the recent case of *Mestjian v. Town of Cerro Gordo* (1985), 131 Ill. App. 3d 16, provides some guidance in resolving the case before us. In *Mestjian*, the decedent's daughter brought an action to disinter her late father from a grave site in Illinois and to reinter him beside her late mother where the latter was buried in Florida. The father had died in 1920 at age 32. The evidence showed that following the father's death the widow and daughter became estranged from the father's family and moved from the area within a short time. The decedent's brother intervened in the suit, emphasizing that his brother was buried in a family plot and that the body had remained there for nearly 65 years.

The court in *Mestjian* reviewed in detail the existing Illinois cases on disinterment, as well as the New York case of *Yome v. Gorman* (1926), 242 N.Y. 395, 152 N.E. 126. In *Yome*, Justice Cardozo, speaking for the New York Court of Appeals, stressed the need for a substantial showing in order to support the disinterment, but also stated:

"Removal at the instance of a wife or of kinsmen near in blood to satisfy a longing that those united during life shall not be divided after death may seem praiseworthy and decorous when removal at the instance of distant relatives or strangers would be arbitrary or cruel." 242 N.Y. 395, 403, 152 N.E. 126, 129.

The appellate court concluded that since the evidence supported a finding that both mother and daughter desired to be buried with their respective husbands and that the father had died quite young and the family had become estranged, the court would uphold the order for disinterment.

In the case before us, the trial court found that petitioner relied upon the statements of respondent, Sharon Stehl, that she had control of the grave site and that petitioner would be allowed to be buried in site 7 next to the decedent and, further, that petitioner would never have agreed to the burial of decedent in site 6 if she could not have occupied site 7. The parties had conceded that Mildred Hicks owned site 7. Further, the record showed that Mildred Hicks through her attorney advised the court that she did not wish to part with the cemetery lot that she owned. The record also indicated that with the possi-

ble exception of one of the respondents, petitioner was estranged from her stepchildren.

■ Based upon our review of the record before us, we find ample support for the findings of the trial court and, therefore, will not disturb those findings. See *Village of Lakemoor v. First Bank of Oak Park* (1985), 136 Ill. App. 3d 35.

We note that the objecting party in the *Mestjian* case was the decedent's brother, whereas in the case before us, it is the decedent's children who oppose the disinterment. While the respondent here as children of the decedent could perhaps have had stronger interest in the grave site of their father, nonetheless, we conclude that petitioner has made the requisite showing for disinterment and that indeed this case is a situation deserving special consideration. (See *Mestjian v. Town of Cerro Gordo* (1985), 131 Ill. App. 3d 16.) As in *Mestjian*, there has been a showing that the petitioner wished to be joined in death with her husband as she had been in life. Further, the decedent will continue to rest in Lee County; thus, the distances in the case at bar will not be such as to prevent the respondents from visiting the site of their father's grave.

For the foregoing reasons, the decision of the circuit court of Lee County is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.