*In re* ESTATE OF ROBERT LEE MEDLEN, Deceased (Tifney Sarrels, on Behalf of Chastity Sarrels, Petitioner-Appellee, v. Deborah Kreciak, Adm'r, Respondent-Appellant).

Second District   No. 2—96—0181

Opinion filed March 5, 1997.

Rance V. Buehler, of Law Offices of Rance V. Buehler, and Jeffrey L. Benson, of Law Offices of Jeffrey L. Benson, both of West Dundee, for appellant.

Charles E. Nave, of McNamee & Mahoney, Ltd., of Dundee, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The administrator of Robert Medlen's (decedent's) estate, Debo-

rah Kreciak, appeals an order granting a petition to exhume decedent's body for DNA testing and denying a request for an injunction to prevent petitioner, Tifney Sarrels, from proceeding in the Illinois Industrial Commission (the Commission). The administrator raises the following issues for our consideration: (1) whether the court lacked jurisdiction to order a body exhumed in another state; (2) whether petitioner presented sufficient reasons for the court to order an exhumation; and (3) whether the court erred in denying the administrator's request to enjoin petitioner from proceeding in the Commission. We affirm in part and vacate in part.

In 1989, the Department of Public Aid (the Department) brought a paternity action against decedent to determine if he was the father of petitioner's daughter, Chastity. Decedent was defaulted, but the default was later vacated when decedent agreed to a blood test. Apparently decedent did not show up for the test, and the court ordered another blood test. The case was dismissed without prejudice when the Department learned that decedent had died.

In the probate division of the circuit court, the administrator filed an affidavit of heirship stating that her son, Robert Lee Medlen III, was decedent's only child and the sole heir of his estate. On October 31, 1990, the court entered an order declaring Robert Lee Medlen III decedent's sole heir.

On October 13, 1995, petitioner filed in the probate case a petition to have decedent exhumed for DNA testing. Petitioner alleged that decedent was the father of her daughter, Chastity Sarrels, who was born on November 29, 1987. The petition further alleged the following: that petitioner had filed a complaint in the Commission seeking workers' compensation death benefits and that the estate objected to the claim because of the lack of direct proof of Chastity's paternity; that in the paternity action, decedent had twice failed to comply with orders for blood tests and died without ever submitting to those tests; and that the estate knew of the existence of Chastity when the estate was opened but failed to notify her of the opening of the estate or of the benefits decedent's son was awarded under the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1994)).

On October 25, 1995, the administrator filed a petition for injunctive relief, asking the court to enjoin petitioner from proceeding in the Commission. The petition stated that decedent's son had been awarded $325.33 per week by the Commission on December 25, 1990, and that on September 30, 1993, a claim had been filed on behalf of Chastity, claiming that she was also an heir of decedent and entitled to death benefits. The administrator argued that the Commission could not adjudicate the issue of heirship because paternity had not been established during decedent's life.

On November 21, 1995, the administrator filed her response to the petition to exhume. The administrator argued that the court lacked jurisdiction to order the exhumation because an exhumation order is not within the subject matter jurisdiction of the probate court and because the body was not buried in Illinois. The administrator also argued that petitioner had not shown sufficient reasons to have the body exhumed.

On December 11, 1995, petitioner's law firm filed a reply to the response to the petition to exhume and a response to the petition for injunctive relief. However, both were filed in the name of "Intervenor Della Medlen." The record does not indicate who Della Medlen is. The reply to the response to the petition to exhume did not address the jurisdictional issue and merely argued that there were compelling reasons for disinterment. The administrator moved to strike both the reply and the response, arguing that Della Medlen had never filed an appearance and had no standing. The court ordered that the reply to the response to the petition to exhume and the response to the petition for injunctive relief be amended to reflect petitioner's name instead of Della Medlen's. The administrator then filed her reply to the response to the petition for injunctive relief.

On January 12, 1996, the court entered an order denying the petition for injunctive relief and granting the petition to exhume. The court's order contains neither the reasons for its decision nor an explanation of how the court had jurisdiction to order a body exhumed in a sister state. The court agreed to stay the exhumation order pending appeal.

On February 9, 1996, the administrator filed a motion to reconsider, arguing that the court had no jurisdiction to order the exhumation because decedent was buried in Iager, West Virginia. The administrator attached her own affidavit to the motion. In the affidavit, she states that decedent is buried in West Virginia. On February 13, 1996, the court denied the motion. The court's order does not contain reasons for the decision. On the same day, the administrator filed her notice of appeal.

■ We first consider the court's jurisdiction to order decedent's body exhumed in another state. The arguments presented to this court by both parties are sketchy, confusing, and inadequate to address an issue of first impression. However, the person bringing an action bears the burden of establishing jurisdiction (*McKnelly v. Whiteco Hospitality Corp.*, 131 Ill. App. 3d 338, 340 (1985)), and we do not believe petitioner has demonstrated any basis by which the circuit court could order a body exhumed when the body is buried in another state. No Illinois case has addressed this question, and the

only case we could find from another jurisdiction directly addressing the issue is *Resnick v. State*, 319 So. 2d 167 (Fla. App. 1975). *Resnick* was a criminal appeal in which the defendant argued that it was improper to admit testimony concerning the victim's skull. The court stated the following:

> "The skull, with the remainder of the body, had been buried in another state. Therefore, the trial court had no jurisdiction to order the authorities of a sister state to exhume the skull for examination." *Resnick*, 319 So. 2d at 168.

However, the court neither cited authority nor gave reasons for its decision.

■ At common law, there is no property right in a dead body (22A Am. Jur. 2d *Dead Bodies* § 2 (1988)), and the body forms no part of the decedent's estate (*In re Estate of Fischer*, 1 Ill. App. 2d 528, 535 (1954)). The nearest relatives of the deceased have a quasi-property right in the body; this right arises out of their duty to bury the dead. 22A Am. Jur. 2d *Dead Bodies* § 3 (1988). In Illinois, this right has been construed to give the next of kin the right to determine the time, manner, and place of burial. *Fischer*, 1 Ill. App. 2d at 532; see also *Leno v. St. Joseph Hospital*, 55 Ill. 2d 114, 117 (1973) ("The principle is firmly established that while in the ordinary sense, there is no property right in a dead body, a right of possession of a decedent's remains devolves upon the next of kin in order to make appropriate disposition thereof, whether by burial or otherwise"). However, once the body is buried, it becomes "part and parcel of the ground to which it is committed." 25A C.J.S. *Dead Bodies* § 2 (1966). Upon burial, the body is generally viewed as being in the custody of the law (22A Am. Jur. 2d *Dead Bodies* § 70 (1988)), but the next of kin do have a protectable interest in the body that would allow them to challenge a disinterment (*Hough v. Weber*, 202 Ill. App. 3d 674, 685 (1990)).

■ Initially, the administrator suggests that the court lacked subject matter jurisdiction. The administrator did not develop this argument in her appellate brief, but relied in the circuit court on *Fischer*, 1 Ill. App. 2d at 535, for the proposition that the probate court has no general equitable jurisdiction over the interment and disinterment of dead bodies. However, restrictions upon the jurisdiction of a court hearing probate proceedings were removed by the Judicial Article of 1964 (Ill. Const. 1870, art. VI (1964), § 9), which abolished the probate courts. *In re Estate of Engel*, 87 Ill. App. 3d 273, 277 (1980); *In re Estate of Tarr*, 37 Ill. App. 3d 915, 917 (1976). "The circuit court has unlimited original jurisdiction of all justiciable matters, and the heretofore limited jurisdiction of the probate court has

been superseded by the unlimited original jurisdiction of the circuit court. The probate division of the circuit court is a court with subject matter jurisdiction equal to any other division of that court." 19 Ill. L. & Prac. *Executors & Administrators* § 5, at 19 (1991). The disinterment of dead bodies is subject to the control of courts of equity (22A Am. Jur. 2d *Dead Bodies* § 70 (1988)), and we find no impediment to the court's general subject matter jurisdiction over a petition to exhume.

■ Nevertheless, because the dead body, after burial, becomes part of the land and is said to be within the "custody of the law," we believe that a court can only resolve a dispute over disinterment when the body is within that state's territorial jurisdiction. The administrator argues that a dead body is a piece of property and that the court did not have *in rem* jurisdiction over it. The administrator cites *Hanson v. Denckla*, 357 U.S. 235, 246, 2 L. Ed. 2d 1283, 1293, 78 S. Ct. 1228, 1236 (1958), for the proposition that the basis of jurisdiction *in rem* is the presence of the subject property within the territorial jurisdiction of the forum state. Petitioner responds that the court had subject matter jurisdiction and *in personam* jurisdiction and thus did not need *in rem* jurisdiction. Petitioner argues that the court's order did not order anyone in West Virginia to do anything and that all parties affected by the court's order reside in Illinois.

Clearly, as both parties recognize, the court did not have *in rem* jurisdiction because the body was not buried in Illinois. See *Hanson*, 357 U.S. at 246, 2 L. Ed. 2d at 1293, 78 S. Ct. at 1236. However, petitioner suggests that the court had personal jurisdiction over all the necessary parties and therefore could act in an extraterritorial manner on the property. Petitioner is correct that where the court has *in personam* jurisdiction over the interested parties and its equitable powers are invoked, the court may affect property outside its territorial jurisdiction indirectly by acting directly on the interested parties. *De Licea v. Reyes*, 87 Ill. App. 3d 704, 707 (1980). This is not such a case. The court had jurisdiction over the estate and the parties, but neither the body nor the land in which it is buried is in the possession of the parties or the estate. The court could not act indirectly on the dead body by acting directly on the parties before it because the body was not within their control. The body became part of the land of West Virginia and is in the custody of the law of that jurisdiction. By ordering an exhumation, the court was ordering someone in West Virginia, over whom it had no jurisdiction, to do something. Petitioner has failed to show any basis upon which the court had jurisdiction to enter the exhumation order.

For all of the above reasons, we find that the court did not have

jurisdiction to order decedent's body exhumed. Although exhumation disputes are within the subject matter jurisdiction of the circuit court, the court cannot order an exhumation when the body is buried in another state. In such a case, the court does not have *in rem* jurisdiction over the body nor can the court affect the body by acting *in personam* on the parties, as the body is not within the court's or the parties' control. We believe that petitioner must file her petition for exhumation in West Virginia. Our resolution of this issue renders unnecessary a discussion of whether petitioner met her burden for obtaining a disinterment.

■ Finally, we consider the administrator's contention that the court erred in denying her request for an injunction to prevent petitioner from proceeding in the Commission. The administrator relies on *Board of Trustees of Southern Illinois University v. Shaw*, 136 Ill. App. 3d 671, 674 (1985), in which the court explained in *dicta* that an illegitimate child must prove paternity before recovering under the Act and that paternity cannot be imposed after death. *Shaw* relied on *Toms v. Lohrentz*, 37 Ill. App. 2d 414, 418 (1962). However, the court in *Reddick v. Murray*, 266 Ill. App. 3d 333, 335 (1994), pointed out that *Toms* relied on language that has since been repealed and that section 9(b) of the Illinois Parentage Act of 1984 (750 ILCS 45/9(b) (West 1994)) contemplates a paternity action surviving the death of the putative father. Therefore, because the only basis for the administrator's argument—that paternity cannot be established after death—is no longer the law in Illinois, we reject the administrator's argument and affirm the decision of the circuit court denying her request for an injunction.

The judgment of the circuit court of Kane County denying the administrator's request for an injunction is affirmed, and the judgment granting the petition for exhumation is vacated.

Affirmed in part and vacated in part.

McLAREN and RATHJE, JJ., concur.