No. 2--96--0181

                                                  

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

In re ESTATE OF ROBERT LEE           )  Appeal from the Circuit Court

MEDLEN, Deceased                     )  of Kane County.

                                     )

                                     )  No. 90--PKA--603

                                     )

(Tifney Sarrels, on Behalf of        )  

Chastity Sarrels, Petitioner-        )  Honorable

Appellee, v. Deborah Kreciak,        )  Gene L. Nottolini,

Adm'r, Respondent-Appellant).        )  Judge, Presiding.

     _________________________________________________________________

     JUSTICE THOMAS delivered the opinion of the court:

     The administrator of Robert Medlen's (decedent's) estate,

Deborah Kreciak, appeals an order granting a petition to exhume

decedent's body for DNA testing and denying a request for an

injunction to prevent petitioner, Tifney Sarrels, from proceeding

in the Illinois Industrial Commission (the Commission).  The

administrator raises the following issues for our consideration:

(1) whether the court lacked jurisdiction to order a body exhumed

in another state; (2) whether petitioner presented sufficient

reasons for the court to order an exhumation; and (3) whether the

court erred in denying the administrator's request to enjoin

petitioner from proceeding in the Commission.  We affirm in part

and vacate in part.

     In 1989, the Department of Public Aid (the Department) brought

a paternity action against decedent to determine if he was the

father of petitioner's daughter, Chastity.  Decedent was defaulted,

but the default was later vacated when decedent agreed to a blood

test.  Apparently decedent did not show up for the test, and the

court ordered another blood test.  The case was dismissed without

prejudice when the Department learned that decedent had died.

     In the probate division of the circuit court, the

administrator filed an affidavit of heirship stating that her son,

Robert Lee Medlen III, was decedent's only child and the sole heir

of his estate.  On October 31, 1990, the court entered an order

declaring Robert Lee Medlen III decedent's sole heir.  

     On October 13, 1995, petitioner filed in the probate case a

petition to have decedent exhumed for DNA testing.  Petitioner

alleged that decedent was the father of her daughter, Chastity

Sarrels, who was born on November 29, 1987.  The petition further

alleged the following: that petitioner had filed a complaint in the

Commission seeking workers' compensation death benefits and that

the estate objected to the claim because of the lack of direct

proof of Chastity's paternity; that in the paternity action,

decedent had twice failed to comply with orders for blood tests and

died without ever submitting to those tests; and that the estate

knew of the existence of Chastity when the estate was opened, but

failed to notify her of the opening of the estate or of the

benefits decedent's son was awarded under the Workers' Compensation

Act (the Act) (820 ILCS 305/1 et seq. (West 1994)).

     On October 25, 1995, the administrator filed a petition for

injunctive relief, asking the court to enjoin petitioner from

proceeding in the Commission.  The petition stated that decedent's

son had been awarded $325.33 per week by the Commission on December

25, 1990, and that on September 30, 1993, a claim had been filed on

behalf of Chastity, claiming that she was also an heir of decedent

and entitled to death benefits.  The administrator argued that the

Commission could not adjudicate the issue of heirship because

paternity had not been established during decedent's life.  

     On November 21, 1995, the administrator filed her response to

the petition to exhume.  The administrator argued that the court

lacked jurisdiction to order the exhumation because an exhumation

order is not within the subject matter jurisdiction of the probate

court and because the body was not buried in Illinois.  The

administrator also argued that petitioner had not shown sufficient

reasons to have the body exhumed.

     On December 11, 1995, petitioner's law firm filed a reply to

the response to the petition to exhume and a response to the

petition for injunctive relief.  However, both were filed in the

name of "Intervenor Della Medlen."  The record does not indicate

who Della Medlen is.  The reply to the response to the petition to

exhume did not address the jurisdictional issue and merely argued

that there were compelling reasons for disinterment.  The

administrator moved to strike both the reply and the response,

arguing that Della Medlen had never filed an appearance and had no

standing.  The court ordered that the reply to the response to the

petition to exhume and the response to the petition for injunctive

relief be amended to reflect petitioner's name instead of Della

Medlen's.  The administrator then filed her reply to the response

to the petition for injunctive relief.

     On January 12, 1996, the court entered an order denying the

petition for injunctive relief and granting the petition to exhume. 

The court's order contains neither the reasons for its decision nor

an explanation of how the court had jurisdiction to order a body

exhumed in a sister state.  The court agreed to stay the exhumation

order pending appeal.

     On February 9, 1996, the administrator filed a motion to

reconsider, arguing that the court had no jurisdiction to order the

exhumation because decedent was buried in Iager, West Virginia. 

The administrator attached her own affidavit to the motion.  In the

affidavit, she states that decedent is buried in West Virginia.  On

February 13, 1996, the court denied the motion.  The court's order

does not contain reasons for the decision.  On the same day, the

administrator filed her notice of appeal.

     We first consider the court's jurisdiction to order decedent's

body exhumed in another state.  The arguments presented to this

court by both parties are sketchy, confusing, and inadequate to

address an issue of first impression.  However, the person bringing

an action bears the burden of establishing jurisdiction (McKnelly

v. Whiteco Hospitality Corp., 131 Ill. App. 3d 338, 340 (1985)),

and we do not believe petitioner has demonstrated any basis by

which the circuit court could order a body exhumed when the body is

buried in another state.  No Illinois case has addressed this

question, and the only case we could find from another jurisdiction

directly addressing the issue is Resnick v. State, 319 So. 2d 167

(Fla. App. 1975).  Resnick was a criminal appeal in which the

defendant argued that it was improper to admit testimony concerning

the victim's skull.  The court stated the following:

     "The skull, with the remainder of the body, had been buried in

     another state.  Therefore, the trial court had no jurisdiction

     to order the authorities of a sister state to exhume the skull

     for examination."  Resnick, 319 So. 2d at 168.  

However, the court neither cited authority nor gave reasons for its

decision. 

     At common law, there is no property right in a dead body (22A

Am. Jur. 2d Dead Bodies §2 (1988)), and the body forms no part of

the decedent's estate (In re Estate of Fischer, 1 Ill. App. 2d 528,

535 (1954)).  The nearest relatives of the deceased have a quasi-

property right in the body; this right arises out of their duty to

bury the dead.  22A Am. Jur. 2d Dead Bodies §3 (1988).  In

Illinois, this right has been construed to give the next of kin the

right to determine the time, manner, and place of burial.  Fischer,

1 Ill. App. 2d at 532; see also Leno v. St. Joseph Hospital, 55

Ill. 2d 114, 117 (1973) ("The principle is firmly established that

while in the ordinary sense, there is no property right in a dead

body, a right of possession of a decedent's remains devolves upon

the next of kin in order to make appropriate disposition thereof,

whether by burial or otherwise").  However, once the body is

buried, it becomes "part and parcel of the ground to which it is

committed."  25A C.J.S. Dead Bodies §2 (1966).  Upon burial, the

body is generally viewed as being in the custody of the law (22A

Am. Jur. 2d Dead Bodies §70 (1988)), but the next of kin do have a

protectable interest in the body that would allow them to challenge

a disinterment (Hough v. Weber, 202 Ill. App. 3d 674, 685 (1990)). 

     Initially, the administrator suggests that the court lacked

subject matter jurisdiction.  The administrator did not develop

this argument in her appellate brief, but relied in the circuit

court on Fischer, 1 Ill. App. 2d at 535,  for the proposition that

the probate court has no general equitable jurisdiction over the

interment and disinterment of dead bodies.  However, restrictions

upon the jurisdiction of a court hearing probate proceedings were

removed by the Judicial Article of 1964 (Ill. Const. 1870, art. VI

(1964), §9), which abolished the probate courts.  In re Estate of

Engel, 87 Ill. App. 3d 273, 277 (1980); In re Estate of Tarr, 37

Ill. App. 3d 915, 917 (1976).  "The circuit court has unlimited

original jurisdiction of all justiciable matters, and the

heretofore limited jurisdiction of the probate court has been

superseded by the unlimited original jurisdiction of the circuit

court.  The probate division of the circuit court is a court with

subject matter jurisdiction equal to any other division of that

court."  19 I.L.P. Executors and Administrators §5 (1991).  The

disinterment of dead bodies is subject to the control of courts of

equity (22A Am. Jur. 2d Dead Bodies §70 (1988)), and we find no

impediment to the court's general subject matter jurisdiction over

a petition to exhume.  

     Nevertheless, because the dead body, after burial, becomes

part of the land and is said to be within the "custody of the law,"

we believe that a court can only resolve a dispute over

disinterment when the body is within that state's territorial

jurisdiction.  The administrator argues that a dead body is a piece

of property and that the court did not have in rem jurisdiction

over it.  The administrator cites Hanson v. Denckla, 357 U.S. 235,

246, 2 L. Ed. 2d 1283, 1293, 78 S. Ct. 1228, 1236 (1958), for the

proposition that the basis of jurisdiction in rem is the presence

of the subject property within the territorial jurisdiction of the

forum state.  Petitioner responds that the court had subject matter

jurisdiction and in personam jurisdiction and thus did not need in

rem jurisdiction.  Petitioner argues that the court's order did not

order anyone in West Virginia to do anything and that all parties

affected by the court's order reside in Illinois.  

     Clearly, as both parties recognize, the court did not have in

rem jurisdiction because the body was not buried in Illinois.  See

Hanson,  357 U.S. at 246, 2 L. Ed. 2d at 1293, 78 S. Ct. at 1236.

However, petitioner suggests that the court had personal

jurisdiction over all the necessary parties and therefore could act

in an extraterritorial manner on the property.  Petitioner is

correct that where the court has in personam jurisdiction over the

interested parties and its equitable powers are invoked, the court

may affect property outside its territorial jurisdiction indirectly

by acting directly on the interested parties.  De Licea v. Reyes,

87 Ill. App. 3d 704, 707 (1980).  This is not such a case.  The

court had jurisdiction over the estate and the parties, but neither

the body nor the land in which it is buried is in the possession of

the parties or the estate.  The court could not act indirectly on

the dead body by acting directly on the parties before it because

the body was not within their control.  The body became part of the

land of West Virginia and is in the custody of the law of that

jurisdiction.  By ordering an exhumation, the court was ordering

someone in West Virginia, over whom it had no jurisdiction, to do

something.  Petitioner has failed to show any basis upon which the

court had jurisdiction to enter the exhumation order.

     For all of the above reasons, we find that the court did not

have jurisdiction to order decedent's body exhumed.  Although

exhumation disputes are within the subject matter jurisdiction of

the circuit court, the court cannot order an exhumation when the

body is buried in another state.  In such a case, the court does

not have in rem jurisdiction over the body nor can the court affect

the body by acting in personam on the parties, as the body is not

within the court's or the parties' control.  We believe that

petitioner must file her petition for exhumation in West Virginia. 

Our resolution of this issue renders unnecessary a discussion of

whether petitioner met her burden for obtaining a disinterment.

     Finally, we consider the administrator's contention that the

court erred in denying her request for an injunction to prevent

petitioner from proceeding in the Commission.  The administrator

relies on Board of Trustees v. Shaw, 136 Ill. App. 3d 671, 674

(1985), in which the court explained in dicta that an illegitimate

child must prove paternity before recovering under the Act and that

paternity cannot be imposed after death.  Shaw relied on Toms v.

Lohrentz, 37 Ill. App. 2d 414, 418 (1962).  However, the court in

Reddick v. Murray, 266 Ill. App. 3d 333, 335 (1994), pointed out

that Toms relied on language that has since been repealed and that

section 9(b) of the Illinois Parentage Act of 1984 (750 ILCS

45/9(b) (West 1994)) contemplates a paternity action surviving the

death of the putative father.  Therefore, because the only basis

for the administrator's argument--that paternity cannot be

established after death--is no longer the law in Illinois, we

reject the administrator's argument and affirm the decision of the

circuit court denying her request for an injunction.  

     The judgment of the circuit court of Kane County denying the

administrator's request for an injunction is affirmed, and the

judgment granting the petition for exhumation is vacated.

     Affirmed in part and vacated in part.

     McLAREN and RATHJE, JJ., concur.