WILLIAM G. REXROAT, Plaintiff-Appellant, v. MAURICE D. ABATTE, Highway Commissioner, Successor in Office, The Town of Emmet, Defendant-Appellee.

Third District   No. 3—87—0152

Opinion filed December 10, 1987.

William G. Rexroat, of Colchester, appellant *pro se.*

Gayle Tronvig Carper, of Lucie, Slater & Carper, of Macomb, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, William Rexroat, brought suit in 1978 seeking a declaratory judgment setting forth his right of access across an old roadway crossing a wooded pasture owned by Russell Thorell, the named defendant. The roadway serviced a small field on Rexroat's land. Rexroat asserted that accessibility to the field from other than the old roadway was limited, because a stream running through his farm cut off ready access to the tract. The complaint was dismissed by the trial court.

This court reversed the trial court and remanded the case, holding that Rexroat had an implied easement of necessity in the abandoned land. (*Rexroat v. Thorell* (1980), 90 Ill. App. 3d 311, 413 N.E.2d 1.) That decision was reversed upon appeal to the Illinois Supreme Court. The court concluded that a private easement had not arisen because the use of the old roadway had only become necessary after the plaintiff had taken title to the real estate. The necessity arose due to changed conditions and an implied easement of necessity needs be contemporaneous with the execution of the deed. *Rexroat v. Thorell* (1982), 89 Ill. 2d 221, 433 N.E.2d 235, *cert. denied* (1982), 459 U.S. 837, 74 L. Ed. 2d 79, 103 S. Ct. 83, *rehearing denied* (1982), 459 U.S. 1059, 74 L. Ed. 2d 625, 103 S. Ct. 478.

Subsequent to the resolution of the litigation, the City of Macomb purchased the Thorell property at a foreclosure sale and currently holds title to it.

The instant action was brought by Rexroat in August 1986, seeking a writ of *mandamus* to compel Maurice Abatte, the Emmet Township highway commissioner, to record and maintain the old roadway. Rexroat contended that he was in possession of a 1947 road log document which allegedly was *prima facie* evidence that the roadway existed. The log document had allegedly been concealed from him at the time that the earlier suit was heard.

The trial court dismissed the action, ruling that the doctrine of *laches* barred the case. It further found that the supreme court's disposition of the issue in the previous litigation precluded the instant suit.

Upon appeal Rexroat contends that the instant action is not an attempt to relitigate the private easement issue earlier resolved. He alleges that, while he was not able to produce recorded documents to show that the road existed at the time that he initially filed his prior cause, he has since obtained a document evidencing that a portion of the roadway in question had been vacated in 1947, giving rise to a presumption that a roadway had, in fact, existed. He proposes that the document is *prima facie* evidence that the subject section of the roadway exists and the trial court erred in dismissing his *mandamus* action seeking to compel city officials to officially record and maintain the road.

The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty to which the petitioner is entitled as a matter of right and which the party owing the duty has failed to perform. (*Fergus v. Marks* (1926), 321 Ill. 510, 152 N.E.

557.) The duty resting upon the party must be clear. (*Retail Liquor Dealers Protective Association v. Schreiber* (1943), 382 Ill. 454, 47 N.E.2d 462.) It has long been held that the limitation period for seeking *mandamus* writs is six months unless a reasonable excuse has been shown for the delay. (*Schultheis v. City of Chicago* (1909), 240 Ill. 167, 88 N.E.2d 563.) *Laches* is an equitable doctrine which, under proper circumstances, may be invoked in a *mandamus* case. *People ex rel. Byrnes v. Stanard* (1955), 6 Ill. App. 2d 441, 128 N.E.2d 658, *affirmed in part, dismissed in part* (1956), 9 Ill. 2d 372, 137 N.E.2d 829.

The equitable doctrine of *laches*, which is dependent upon the facts of each case, has repeatedly been defined in this State as such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity. (*Fruhling v. County of Champaign* (1981), 95 Ill. App. 3d 409, 420 N.E.2d 1066.) The doctrine of *laches* is invoked in the discretion of the trial court. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

*Laches* has long been referred to as the doctrine of stale demand and is grounded in the equitable notion that courts are reluctant to come to the aid of a party who has knowingly slept on his rights under circumstances where he might have earlier asserted such rights in the exercise of due diligence. (*Schroeder v. Schlueter* (1980), 85 Ill. App. 3d 574, 407 N.E.2d 204.) Where facts are tardily presented following inexcusable delay, courts are wont to deny relief because of the difficulty or impossibility of arriving at a safe and certain conclusion regarding the truth of the matters subject to dispute, as well as the doing of substantial justice between the parties. *Schroeder*, 85 Ill. App. 3d at 576.

In the instant case, the trial court's application of the doctrine of *laches* was properly made. The plaintiff has been in possession of the log document since 1979. The plaintiff has asserted that several years have intervened between the time he came into possession of the document and the date he filed suit because he was without sufficient funds to hire an attorney. Inasmuch as this case has been initiated *pro se*, this court finds that contention completely without merit.

Furthermore, beyond the grounds of *laches*, this court finds no legal basis upon which to condone a reversal of the trial court's dismissal. The log document in evidence is of questionable legal significance as indicia of a valid public roadway. We emphasize that *manda-*

*mus* is not a writ of right, but, rather, an extraordinary remedy, and the party seeking such relief must show a clear legal right to the relief requested. *Mandamus* is never awarded in a doubtful case. (*Kramer v. City of Chicago* (1978), 58 Ill. App. 3d 592, 374 N.E.2d 932.) After evaluating the record before the court and reviewing the previous litigation involving the roadway at issue, this court concludes that the right to the *mandamus* is not clear and undeniable and therefore cannot properly lie.

For all the foregoing reasons the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.