FRANCIS WORKMANN, Plaintiff-Appellant, v. ILLINOIS STATE BOARD OF EDUCATION *et al.*, Defendants (Emil Jones, Jr., *et al.*, Defendants-Appellees).

Second District   No. 2—91—0889

Opinion filed May 21, 1992.

John T. Jursich, of North Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Kathleen McCabe and Deborah L. Ahlstrand, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Francis Workmann, appeals from an order of the circuit court which denied his motion for the imposition of attorney fees against defendants, Emil Jones, Jr., and Richard Mulcahey. Pursuant

to the Freedom of Information Act (Act) (Ill. Rev. Stat. 1989, ch. 116, par. 201 *et seq.*), plaintiff sought an injunction to compel defendants to deliver certain records. The issue in this appeal is whether the trial court erred in determining that plaintiff did not "substantially prevail" in his action so as to warrant the award of attorney fees to plaintiff under section 11(i) of the Act (Ill. Rev. Stat. 1989, ch. 116, par. 211(i)).

We will summarize briefly only the relevant facts. Following a bench trial, the court issued its findings in a written order, as follows:

"1. That a Joint Committee on Secondary and Elementary School Sports was created for the purpose of studying and making recommendations to the General Assembly on sports and athletic programs conducted in the States [*sic*] Secondary and Elementary Schools, by reason of a Joint Resolution Number 166, passed by the Illinois Senate and House of Representatives ***.

2. That Senator Emil Jones and Representative R. Mulcahey were made Co-Chairman [*sic*] of said Joint Committee.

3. That considerable public money was used to study the abuses of school sports in the Secondary and Elementary Schools in Illinois, as a result of said Joint Resolution.

4. That evidence was introduced at five hearings held throughout the State of Illinois by the Joint Committee; and, that the evidence and the contents of the records of same, were of clearly significant interest to the general public.

5. That various outside groups had endeavored to influence the decisions and recommendations of the Joint Committee.

6. That the Joint Committee was unable to make a decision or make recommendations to the House and the Senate by reason of the Joint Committee being unable to agree on any recommendations, and accordingly the Joint Committee never made a final report to the House and Senate.

7. That by reason of the Joint Committee not asking for an extension of time to make a final report, and further by reason of the House and Senate not extending time for the extensions of same, the Joint Committee ceased to exist by operation of law on June 30, 1987.

8. That all of the records of the hearings in the personal possession of Senator Emil Jones, or in the possession of the Senate Records Keeper could not be found and accordingly are deemed to be lost.

9. That the Plaintiff had made an appropriate request, as required under the Freedom of Information Act [citation], and that said requests were received by Senator Emil Jones and Representative R. Mulcahey, all as contemplated by said Act.

10. That Senator Emil Jones and Representative R. Mulcahey furnished no records to the Plaintiff, and failed to advise the Plaintiff as to why the records were not furnished; and, further failed to advise the Plaintiff that he had a right to Administrative Appeal under the statute; that Senator Emil Jones and Representative R. Mulcahey had not contacted the Plaintiff in any manner whatsoever, by letter, telephone or otherwise after receiving the Plaintiff's request for information.

11. That the Plaintiff had exhausted his administrative remedies, and accordingly this Court has jurisdiction of this cause.

12. That by reason of the records being lost, which is the subject matter of this cause, there is no remedy to afford to the Plaintiff, as the Court can not [sic] compel the performance of an impossible act, namely the furnishing of lost records."

The court denied plaintiff's request for an injunction. The court also granted plaintiff leave to dismiss voluntarily his claim against the Illinois State Board of Education and Leininger.

Within 30 days of the order, plaintiff filed a petition for the imposition of attorney fees against defendants. Plaintiff alleged that he had "substantially prevailed" in the proceeding and was therefore entitled to attorney fees to be paid by defendants pursuant to section 11(i) of the Act. There is no transcript or bystander's report from the hearing on the petition. The court denied the petition because it found that "plaintiff did not substantially prevail on the merits of this cause." Although the record is unclear regarding whether the count against Leininger and the Board was ever dismissed, the order provided the required language regarding appealability as set forth in Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff's timely appeal followed.

Plaintiff contends that the trial court erred in failing to award him attorney fees. In support of this contention, plaintiff cites to section 11(i) of the Act, which provides that a court may award attorney fees to a plaintiff who "substantially prevails" on a claim under the Act. (Ill. Rev. Stat. 1989, ch. 116, par. 211(i).) According to plaintiff, he "substantially prevailed" in his cause, despite the trial court's inability to impose an injunction, because defendants refused to furnish the records and did not inform plaintiff that the records were lost. Plaintiff argues that, by denying his request for fees, the trial court

has encouraged public officials who refuse to furnish records requested pursuant to the Act to claim that the records in question were lost.

Defendants respond that plaintiff did not "substantially prevail" on the merits and, therefore, is not entitled to attorney fees under section 11(i) of the Act (Ill. Rev. Stat. 1989, ch. 116, par. 211(i)). Defendants make several arguments in support of their assertion; however, most of these arguments are irrelevant or are waived because defendants did not cross-appeal from the trial court's finding that plaintiff exhausted his administrative remedies (see *People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843, 852-53). Defendants' point regarding the purpose of the fee award has merit, however. As defendants argue, awarding attorney fees pursuant to section 11(i) of the Act for purposes of punishing a public body is improper. The fee provision of the Act was not "intended as either a reward for successful plaintiffs or as a punishment against the government." *Hamer v. Lentz* (1989), 132 Ill. 2d 49, 62.

We note, initially, that the trial court found that plaintiff had not "substantially prevailed." Plaintiff has not argued why the trial court's finding in this regard is erroneous, but he has merely ignored this finding. Plaintiff argues that the court could not have found that defendants had a reasonable basis in law for withholding the records. Plaintiff evidently is relying on section 7 of the Act, which establishes exceptions a public body may invoke to refuse to furnish documents. (See Ill. Rev. Stat. 1989, ch. 116, par. 207.) The problem which plaintiff fails to account for is that, although there was no reasonable basis *in law* for the refusal to furnish the records, defendants had a reasonable basis *in fact* for the refusal, namely, the records did not exist because they were lost.

■ Neither party cites any authority regarding a request for lost or destroyed documents, nor has our research uncovered any such Illinois cases. We turn, then, to Federal cases which interpret the Federal Freedom of Information Act (Federal Act). (*Hamer*, 132 Ill. 2d at 58.) In *Kissinger v. Reporters Committee for Freedom of the Press* (1980), 445 U.S. 136, 63 L. Ed. 2d 267, 100 S. Ct. 960, the United States Supreme Court held that a public agency did not "withhold" documents that were not in its possession as the Federal Act "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger*, 445 U.S. at 150-52, 63 L. Ed. 2d at 281-82, 100 S. Ct. at 968-69; see also *National Security Archive v. Archivist of the United States* (D.C. Cir. 1990), 909 F.2d 541.

■ Similarly, in *Safecard Services, Inc. v. Securities & Exchange Comm'n* (D.C. Cir. 1991), 926 F.2d 1197, 127 documents that were the subject of a request under the Federal Act mistakenly were destroyed. The district court granted the agency's motion for summary judgment. The reviewing court noted that an agency is not required to recreate a document that no longer exists, explaining, "[i]f the agency is no longer in possession of the document, for a reason that is not itself suspect, then the agency is not improperly withholding that document." *Safecard Services,* 926 F.2d at 1201.

■ Applying these principles to the facts herein, we conclude that defendants did not refuse to furnish the documents because they did not have possession of them. Plaintiff has not appealed the court's denial of the injunction; thus, he cannot challenge the implicit finding that the reason the records cannot be found is not suspect. Moreover, there was no evidence to suggest that the records were lost after plaintiff made the request for them.

Aside from the above authority, we will also consider the statutory authority applicable in this cause and apply the standard rules for statutory construction. The objective of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. (*People ex rel. LeGout v. Decker* (1992), 146 Ill. 2d 389, 394.) Where the language of the statute is clear and unambiguous, the court must enforce the statute as enacted without resorting to other aids of statutory construction. *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n* (1991), 146 Ill. 2d 175, 207.

The records of a hearing before a commission of the General Assembly are governed by "An Act in relation to hearings before commissions" (Ill. Rev. Stat. 1989, ch. 63, par. 13.1 *et seq.*). Section 4 of that act provides, in relevant part:

> "An accurate record *** may be kept of the proceedings of any hearing. Upon his written request *** a witness shall be furnished at a reasonable charge with a transcript of the record insofar as it pertains to him or his testimony, if such record was taken at a public hearing ***." (Ill. Rev. Stat. 1989, ch. 63, par. 13.4.)

In most circumstances, the word "may" is used in the permissive sense (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298), and this meaning fits within the context of section 4. We conclude that the making of a record of a hearing before a commission of the General Assembly is not mandatory.

If the commission was not required to make a record in the first instance, it could not be found liable under the Freedom of Information Act for refusing to furnish a copy of the nonexistent record to plaintiff, since there is no duty on a public body to create a record for purposes of the Act *(Kenyon v. Garrels* (1989), 184 Ill. App. 3d 28, 32). By analogy, then, it is clear that since the commission was not required to make a record, its refusal to furnish a lost record which it was not required to make could not violate the Act.

Thus, under either the applicable Illinois statutory sections or Federal case law, the trial court correctly found that plaintiff did not "substantially prevail" on the merits and was therefore not entitled to attorney fees under section 11(i) of the Act (Ill. Rev. Stat. 1989, ch. 116, par. 211(i)).

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.