THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. DAVID HOLMES, Petitioner-Appellant.

Third District    No. 3—93—0799

Opinion filed August 16, 1994.—Rehearing denied September 20, 1994.

McCUSKEY, J., dissenting.

Carey J. Luckman, of Pontiac, for appellant.

Clarke Erickson, State's Attorney, of Kankakee (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

· PRESIDING JUSTICE SLATER delivered the opinion of the court:

Petitioner, David Holmes, appeals from an order of the circuit court denying his request for a hearing on his petition to rescind the statutory summary suspension of his driver's license. On appeal, petitioner contends that the trial court erred in determining that his petition to rescind was untimely. We reverse and remand.

On April 1, 1989, petitioner was arrested and charged with driving under the influence of alcohol (DUI) in violation of section 11—501 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 11—501). Petitioner submitted to chemical testing which indicated a blood-alcohol concentration of 0.12. On May 5, 1989, the office of the Secretary of State notified petitioner that his driver's license would be summarily suspended pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 11—501.1). Petitioner's license was suspended from June 10 through September 10, 1989. In December of 1989, petitioner paid the statutory restoration fee and his license was reinstated. He was subsequently acquitted on the underlying DUI charge.

On June 30, 1993, petitioner filed a petition to rescind the statutory summary suspension pursuant to section 2—118.1 of the Code. (625 ILCS 5/2—118.1 (West 1992).) At a hearing held on July

23, 1993, the State argued that petitioner was not entitled to a rescission hearing because his request was untimely. The trial judge asked for written briefs and the parties complied. On September 3, 1993, the trial court heard oral arguments and took the case under advisement. On September 9, 1993, by docket entry order, the trial court denied petitioner's request for a rescission hearing. Petitioner filed this timely appeal.

The issue presented in this case is whether a petitioner is entitled to a hearing on the merits of his petition to rescind the statutory summary suspension of his driver's license when that petition was filed more than four years after petitioner received notice of the suspension and $3^1/2$ years after the suspension was completed and petitioner's license was reinstated. In other words, is there a time limit within which one must file a petition to rescind under section 2—118.1?

The statutory scheme providing for summary suspensions and hearings on petitions to rescind such suspensions is set out in sections 11—501.1 and 2—118.1 of the Code. Section 11—501.1 provides in relevant part:

"(d) If the [motorist arrested for DUI] refuses testing or submits to a test which discloses an alcohol concentration of 0.10 or more, *** the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested *** and the person refused to submit to a test, or tests, or submitted to testing which disclosed an alcohol concentration of 0.10 or more.

(e) Upon receipt of the sworn report of a law enforcement officer submitted under paragraph (d), the Secretary of State shall enter the statutory summary suspension for the periods specified in Section 6—208.1, and effective as provided in paragraph (g).

* * *

(g) The statutory summary suspension referred to in this Section shall take effect on the 46th day following the date the notice of the statutory summary suspension was given to the person.

(h) The following procedure shall apply whenever a person is arrested for any offense as defined in Section 11—501 or a similar provision of a local ordinance:

Upon receipt of the sworn report from the law enforcement officer, the Secretary of State shall confirm the statutory summary suspension by mailing a notice of the effective date of such suspension to the person and the court of venue." (625 ILCS 5/11—501.1 (West 1992).)

Section 2—118.1 provides in relevant part:

"(b) Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, *** the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. Such hearings shall proceed in the court in the same manner as in other civil proceedings.

\* \* \*

Upon the conclusion of the judicial hearing, the circuit court shall sustain or rescind the statutory summary suspension and immediately notify the Secretary of State. Reports received by the Secretary of State under this Section shall be privileged information and for use only by the courts, police officers and Secretary of State." 625 ILCS 5/2—118.1 (West 1992).

The statutory scheme provides only two specific time limitations. One is that the suspension automatically goes into effect 45 days after notice is given to the motorist. The other is that the motorist is entitled to a hearing on the petition to rescind within 30 days of the date of the filing of the petition or on the first appearance date on the uniform traffic ticket issued pursuant to the violation of section 11—501. While the 45-day delay between notice and the beginning of the suspension is intended to allow a motorist an opportunity to secure a hearing prior to the suspension, our supreme court has held that a presuspension hearing is not required under the statute (*People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68) and that the timing of the hearing depends largely upon when a motorist files his petition to rescind (*People v. Esposito* (1988), 121 Ill. 2d 491, 521 N.E.2d 884).

■ Where the language of a statute is certain and unambiguous, this court must enforce the statute as written without resorting to supplemental principles of statutory construction. (*Workmann v. Illinois State Board of Education* (1992), 229 Ill. App. 3d 459, 593 N.E.2d 141; *Board of Trustees of Southern Illinois University v. Shaw* (1985), 136 Ill. App. 3d 671, 483 N.E.2d 976.) Courts should not read into a statute exceptions, limitations or conditions which the legislature did not express. (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 561 N.E.2d 656.) Nothing in our review of sections 11—501.1 and 2—118.1 indicates a time limit within which a petitioner must file his petition to rescind in order to secure a hearing. We therefore find

that petitioner is entitled to a hearing on his petition. Accordingly, we reverse the order of the circuit court and remand this case for a hearing on the merits of the petition to rescind.

■ We are cognizant of the fact that allowing petitioner a hearing at this point contravenes to some extent the spirit and purpose behind section 2—118.1. The purpose of the statute is to provide a motorist with a measure of due process. That is, it provides the motorist with .an opportunity to secure a hearing to determine whether the State has statutory grounds to suspend his driver's license. Our supreme court has stated that "[t]he legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope." (*People v. Moore* (1990), 138 Ill. 2d 162, 169, 561 N.E.2d 648, 651.) Allowing a petitioner to file a petition to rescind the statutory summary suspension of his driver's license 3¹/₂ years after the suspension was served and completed certainly thwarts the goal of conducting swift proceedings under section 2—118.1. Requiring that a petition to rescind be filed within the 45-day period prior to the effective date of the suspension would solve this problem without offending petitioner's right to due process. The statute, however, contains no such requirement at present. "It is not within the province of this court to enlarge the meaning of a statute by adding language aimed at correcting any supposed omission or defect" (*In re Estate of Swiecicki* (1984), 121 Ill. App. 3d 705, 709, 460 N.E.2d 91, 93), and we will not do so in this case. We invite the legislature to address this issue.

For the reasons stated above, the order of the circuit court of Kankakee County is reversed and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, J., concurs.

JUSTICE McCUSKEY, dissenting:
The majority's analysis is certainly well reasoned. However, I respectfully dissent because I cannot agree with the majority's holding. Based on its holding, there is no time limit restricting when a driver may file a petition to rescind a statutory summary suspension. I would affirm the trial court's dismissal of the petition on the basis of *laches*.

"*Laches* is an equitable doctrine which precludes the assertion of a claim by a litigant whose unreasonable delay in raising that claim has prejudiced the opposing party." (*Tully v. State* (1991), 143 Ill. 2d

425, 432, 574 N.E.2d 659, 662.) Accordingly, two elements are necessary for a finding of *laches*: (1) lack of diligence by the party asserting the claim; and (2) prejudice to the opposing party caused by the delay. *Tully*, 143 Ill. 2d at 432, 574 N.E.2d at 662.

The doctrine of *laches* is based on the principle that courts are reluctant to grant relief to a party who has knowingly withheld the assertion of a right if, in the exercise of due diligence, the right should have been asserted earlier. (*People ex rel. Village of Buffalo Grove v. Village of Long Grove* (1990), 199 Ill. App. 3d 395, 416, 557 N.E.2d 643, 656; see also *Tully*, 143 Ill. 2d at 432, 574 N.E.2d at 662.) "Where facts are tardily presented following inexcusable delay, courts are wont to deny relief because of the difficulty or impossibility of arriving at a safe and certain conclusion regarding the truth of the matters subject to dispute, as well as the doing of substantial justice between the parties." (*Rexroat v. Abatte* (1987), 163 Ill. App. 3d 796, 799, 516 N.E.2d 1050, 1052.) The facts of each case must be examined to determine the applicability of *laches*. *Tully*, 143 Ill. 2d at 432-33, 574 N.E.2d at 662-63.

In the case at hand, it is obvious that the petitioner was not diligent in asserting the challenge to his statutory summary suspension. The petitioner waited more than four years after he received notice of the suspension before he filed his petition to rescind. I agree with the State's contention that the petitioner's unreasonable delay in filing the petition has prejudiced the State's ability to respond to the allegations the petitioner is now asserting. Therefore, I would find that *laches* applies.

To find otherwise, as the majority has done, would subject the records of the Illinois Secretary of State to revisions many years after suspensions are filed. Ultimately, there would be no end to the process if the majority's holding is allowed to stand. Moreover, the majority's holding would allow a party to file a petition to rescind after the death or unavailability of the arresting officer.

I am convinced that this type of belated hearing was not contemplated by either our legislature or the Illinois Supreme Court. As recognized by the majority, the supreme court has stated that "[t]he legislature has specifically directed that the license suspension proceedings are to be swift and of limited scope." (*People v. Moore* (1990), 138 Ill. 2d 162, 169, 561 N.E.2d 648, 651.) The majority's holding does not adhere to this intent. As a result, I respectfully dissent.