*In re* M.R.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.R.H., Respondent-Appellant).

Third District    No. 3—00—0601

———

Opinion filed December 12, 2001.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People.

JUSTICE LYTTON delivered the opinion of the court:

The minor, M.R.H., was adjudicated delinquent on a charge of retail theft (720 ILCS 5/16A—3 (West 1998)). He was placed on probation for 12 months. On appeal, the minor contends that: (1) the trial court erred in denying his motion for nonadjudication; and (2) the court's determination that it lacked authority to impose supervision was incorrect. We reverse and remand for further proceedings.

## FACTS

In September of 1999, 13-year-old M.R.H. entered Casey's General Store and purchased a bottle of pop. The clerk noticed something in the minor's pants. The minor did not remove it before leaving the

store. The clerk followed the minor out of the store and confronted him. M.R.H. admitted that he had taken a package of Rollo candies worth 59 cents. He apologized and the clerk called the Aledo police department. After taking the clerk's statement, the officer transported the minor to the station and telephoned his mother. The minor was eventually released. The officer did not issue a station house adjustment.

The State filed a juvenile petition charging the minor with retail theft and requesting that he be adjudged a ward of the court. In response, the minor filed a motion for remand for a station adjustment or, in the alternative, probation adjustment. The court noted that the case was an ideal situation for a station house adjustment. However, the court denied the minor's motion because the State insisted on prosecution.

The minor then filed a motion to request nonadjudication. The minor asked the court, upon a finding of guilt, to determine not to adjudicate because it would not be in the best interests of the minor or the public to make him a ward of the court. The State subsequently filed an objection to an order of continuance under supervision. Prior to a resolution of the motion for nonadjudication, the minor agreed to the factual basis for the charge as presented by the State and was found guilty of retail theft.

At the sentencing hearing, the minor again argued that he should not be adjudicated a ward of the court. The court held that since the minor had already been found guilty, it did not have the power to allow the motion for nonadjudication. The motion was denied and the minor was granted leave to present authority that would allow the imposition of court supervision. After hearing arguments, the court concluded that, absent consent of the State, supervision was not an appropriate sentence of disposition. It sentenced the minor to 12 months' probation.

## ANALYSIS

On appeal, the minor claims that the trial court erred in ruling that it lacked the authority to allow the minor's motion for nonadjudication under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 1998)).

■ Article V of the Act sets forth the procedure for conducting a delinquency proceeding. First, the court must hear evidence and determine whether the minor is guilty of the offense. 705 ILCS 405/5—620 (West 1998). If the court determines that the minor is not guilty, the petition is then dismissed and the minor is discharged. 705 ILCS 405/5—620 (West 1998). If the court finds that the minor com-

mitted the offense, the matter proceeds to a sentencing hearing. 705 ILCS 405/5—620 (West 1998). Section 5—705 of the Act provides:

"(1) At the sentencing hearing, the court shall determine whether it is in the best interests of the minor or the public that he or she be made a ward of the court, and, if he or she is to be made a ward of the court, the court shall determine the proper disposition best serving the interests of the minor and the public." 705 ILCS 405/ 5—705 (West 1998).

■ In construing statutes we are guided by well-established principles. A primary rule of statutory construction is to give effect to the legislative intent. *People v. Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225 (1999). The best indicator of such intent is the plain and ordinary meaning of the language used. *People v. Jones*, 306 Ill. App. 3d 793, 715 N.E.2d 256 (1999). Courts should not add requirements or impose limitations that are inconsistent with the plain meaning of the statute. *People v. Holmes*, 268 Ill. App. 3d 802, 644 N.E.2d 1 (1994).

■ The plain language of section 5—705 allows the court to determine whether it is in the best interests of the minor to be adjudicated a ward of the court. According to the ordinary meaning of the language used, such a determination must be made prior to the entry of a dispositional order. Nothing in the statute limits the court's authority to assess the best interests of the minor and the public and to determine whether adjudication is appropriate. The trial court had the statutory authority to make that decision. Accordingly, the denial of the minor's request for nonadjudication is reversed. The cause is remanded for a hearing to determine whether it is in the best interests of the minor or the public that he be made a ward of the court.

Based on our resolution of this issue, we need not address whether the trial court erred in concluding that it lacked the authority to impose supervision as a disposition after adjudication.

The judgment of the circuit court of Mercer County is reversed and remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and SLATER, JJ., concur.