*In re* C.T.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. C.T.S., Respondent-Appellant).

Third District   No. 3—01—0227

Opinion filed November 8, 2002.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

· JUSTICE HOLDRIDGE delivered the Opinion of the court:
The minor, C.T.S., was found delinquent for having committed unlawful possession of a motor vehicle and residential burglary. 625 ILCS 5/4—103(a)(1) (West 2000); 720 ILCS 5/19—3(a) (West 2000). The trial court sentenced the minor *in absentia* to an indeterminate term not to exceed her twenty-first birthday in the Department of Corrections, Juvenile Division (DOCJD). The minor appeals, contending the trial court erred in proceeding with sentencing in her absence. We affirm.

## FACTS
The minor was charged with unlawful possession of a motor vehicle and residential burglary. At arraignment, the trial court appointed counsel for the minor. The minor signed a form acknowledging that she had been advised of her rights and the possibility of trial in her absence.

The minor later admitted the allegation of unlawful possession of

a motor vehicle, but denied the residential burglary charge. The matter was set for trial on the residential burglary charge.

The minor failed to appear for trial. The trial court denied her attorney's motion for a continuance and proceeded with the trial in her absence. After hearing the State's evidence, the court adjudicated the minor delinquent for the offense of residential burglary and set the matter for a posttrial motion hearing.

The trial court subsequently denied the minor's posttrial motion and the matter was set for a sentencing hearing. The minor failed to appear for sentencing. The trial court denied her attorney's motion for a continuance and committed her to the DOCJD for an indeterminate term not to exceed her twenty-first birthday.

## DISCUSSION

On appeal, the minor contends her sentence should be vacated because she was not admonished that she could be sentenced in her absence, but was only informed that a trial could be held in her absence. The minor concedes that the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—1 *et seq.* (West 2000)) does not specifically require that juveniles be admonished regarding the possibility of trial or sentencing in their absence. However, the minor contends the statute governing adult defendants should apply because the Act provides that juveniles "shall have all the procedural rights of adults in criminal proceedings, unless specifically precluded by laws that enhance the protection of such minors." 705 ILCS 405/5—101(3) (West 2000).

■ We agree the Act requires that minors receive, at a minimum, the same procedural rights as adults. In this regard, we note that a trial court must advise an adult defendant that trial may proceed in his absence if he fails to appear. 725 ILCS 5/113—4(e) (West 2000). A sentencing hearing has been construed to be part of the trial. *People v. Marks*, 239 Ill. App. 3d 178, 607 N.E.2d 286 (1992). Therefore, when an adult defendant has been informed that trial may proceed in his absence, he need not also be specifically told that sentencing may occur in his absence. *Marks*, 239 Ill. App. 3d 178, 607 N.E.2d 286; *People v. Clark*, 96 Ill. App. 3d 491, 421 N.E.2d 590 (1981). We conclude that this procedural right afforded to adult defendants also applies to juveniles. Accordingly, a juvenile must be advised that trial may proceed in her absence before she is tried or sentenced in her absence. The minor was so advised in this case; therefore, she was afforded the same protections that adults receive under the adult criminal provisions.

However, the minor further contends juveniles should be afforded greater protections. The minor asserts this court should require that a

juvenile be specifically admonished that she could be sentenced *in absentia* prior to any such sentencing. The minor also argues juveniles should always be present for sentencing because the purpose of the Act, to rehabilitate the juvenile, cannot be accomplished without his or her presence.

■ A primary rule of statutory construction is to give effect to the legislative intent. *People v. Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225 (1999). The best indicator of such intent is the plain and ordinary meaning of the language used. *People v. Jones*, 306 Ill. App. 3d 793, 715 N.E.2d 256 (1999). Courts should not add requirements that are inconsistent with the plain meaning of the statute. *People v. Holmes*, 268 Ill. App. 3d 802, 644 N.E.2d 1 (1994).

■ The Juvenile Court Act allows sentencing of minors *in absentia*. 705 ILCS 405/5—625 (West 2000).[1] However, the Act does not require the trial court to admonish a juvenile that she may be sentenced in her absence. See 705 ILCS 405/5—625 (West 2000). The Act does provide other safeguards for a juvenile who is sentenced *in absentia*, including a provision that a minor must be granted a new sentencing hearing if she can establish that her failure to appear was not her fault and due to circumstances beyond her control. 705 ILCS 405/5—625(5) (West 2000). Therefore, the legislature considered *in absentia* sentencing of minors and provided safeguards, but did not include a requirement that a minor must be admonished that she could be sentenced in her absence.

As stated, courts should not add requirements that are inconsistent with the plain meaning of the statute. The legislature could have chosen to give juveniles more protection in this regard, but it did not do so. Accordingly, we conclude the Act does not require that a minor be admonished that she may be sentenced *in absentia* if she fails to appear. The trial court satisfied any requirement that the minor be admonished of the possibility she could be sentenced in her absence when it informed her that she could be tried in her absence.

■ The minor also contends her sentence should be vacated because she did not fail to appear on two successive court days prior to being sentenced *in absentia*.

The Act provides that "[i]f trial had previously commenced in the presence of the minor and the minor willfully absents himself for 2 successive court days, the court shall proceed to trial." 705 ILCS 405/5—625(1) (West 2000).

---

[1]The minor's argument that a juvenile's presence is always required for sentencing is addressed by this statute section, whereby the legislature clearly contemplated *in absentia* sentencing of juveniles.

This statute section deals with a trial court's authority to proceed with a trial when a minor is present to start the trial, but later willfully fails to appear. In this case, the trial did not commence in the presence of the minor. The minor was not present for the one-day trial. Therefore, this statute does not apply to this case.

Moreover, our supreme court has construed similar statutory language as being permissive rather than mandatory because to hold otherwise would result in an unconstitutional infringement upon the inherent powers of the judiciary. See *People v. Flores*, 104 Ill. 2d 40, 470 N.E.2d 307 (1984) (construing similar language in section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1)). Therefore, the decision to proceed in such circumstances is in the discretion of the trial court. *Flores*, 104 Ill. 2d 40, 470 N.E.2d 307.

Here, the trial court considered and denied the request for a continuance by the minor's attorney. The court did not abuse its discretion in denying the request for a continuance and proceeding with sentencing. Accordingly, the statute did not prevent the court from proceeding in the minor's absence.

## CONCLUSION

For the foregoing reasons, the judgment of the Peoria County circuit court is affirmed.

Affirmed.

LYTTON, P.J., and McDADE, J., concur.